## SOLON FAMILY PHYSICIANS, INC., Appellee,

### v.

## BUCKLES et al.; Miller, Stillman and Bartel Co., L.P.A., Appellant.

[Cite as *Solon Family Physicians, Inc. v. Buckles* (1994), 96 Ohio App.3d 460.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66051.

Decided Aug. 22, 1994.

*Zashin, Rich, Sutula Co., L.P.A., Andrew A. Zashin* and *Andrew J. Simon,* for appellee.

*Charles E. Wagner* and *Donald C. Price,* for appellant.

WEAVER, Judge.

Appellant, Miller, Stillman & Bartel Co., L.P.A., appeal from the judgment of the trial court in favor of appellee, Solon Family Physicians, Inc. For the reasons set forth below, we affirm.

I

Appellee commenced this action on December 18, 1993 against appellant, and Jean Buckles, Willard Bartel, Charles Wagner, individually. Wagner and Bartel have been dismissed. Through this action, appellee sought to collect $1,852 for medical services rendered to Buckles. Appellee alleged that fees were incurred by Buckles and payment guaranteed by appellant, who represented her in a personal injury action.

The matter was heard before a referee in the Cleveland Municipal Court on May 28, 1993. At that hearing, the following contract was submitted:

"RE: MEDICAL REPORTS AND DOCTOR'S LIEN

"I do hereby authorize the above doctor to furnish you, my attorney, with a full report of his examination, diagnosis, treatment, progress, etc., of myself in regard to the accident in which I was recently involved.

"I hereby authorize and direct you, my attorney, to pay directly to said doctor such sums as may be due and owing him for medical service rendered [to] me by reason of this accident, and to withhold such sums from any settlement judgment or verdict as may be necessary to adequately protect said doctor; and I hereby further give a Lien on my case to said doctor against any and all proceeds of any settlement, judgment or verdict which may be paid to you my attorney, or myself, as the result of the injuries for which I have been treated or injuries in connection therewith.

"I agree never to rescind this document and that a rescission will not be honored by my attorney. I hereby instruct that in the event another attorney is substituted in this matter, the new attorney honor this Lien as inherent to the settlement and enforceable upon the case as if it were executed by him.

"I fully understand that I am directly and fully responsible to said doctor for all medical bills submitted by him for services rendered to me and that this agreement is made solely for said doctor's additional protection and in consideration of his awaiting payment. And I further understand that such payment is not contingent on any settlement, judgement or verdict by which I may eventually recover said fee.

"Please acknowledge this letter by signing below and returning to the doctor office. I have been advised that if any attorney does not wish to cooperate in protecting the doctor's interest, the doctor will not await payment but will require me to make payments on a current basis.

"Dated    12/7/88    /s/ Jean Buckles
                    Patient's signature

"The undersigned being attorney of record for the above patient does hereby agree to observe all the terms of the above and agrees to withhold such sums from any settlement, judgement or verdict, as may be necessary to adequately protect said doctor above-named.

"/s/ Jamie R. Lebovitz

"Attorney's signature"

This contract identified Solon Family Physicians and Dr. Hillel Mazansky as the "Named" doctor.

In addition to the aforementioned contract, the following letter from Lebovitz to Dr. Mazansky, dated June 28, 1989, was introduced:

"Re: Our Client: Jean Buckles

"Date of Treatment: November 20, 1988 to present

"Dr. Mazansky:

·"Please be advised that this office has been retained to represent the above referenced individual for injuries sustained on November 20, 1988 to present.

"This letter serves to confirm that this office will protect any outstanding bill for your services to the above referenced individual and we will see to it that your fee is paid promptly from the proceeds of the settlement."

After the hearing, the referee made the following recommendations:

"Judgment for Plaintiff for $1,352.00 plus interest at the rate of 10% from July 28, 1990 of $550.60 against Defendants Jean Buckles and the law firm of Miller, Stillman & Bartel jointly and severally. Defendants Charles Wagner and Williard [sic] E. Bartel are dismissed as individual defendants."

Timely objections were made to this report by appellant. On July 27, 1993, the trial court entered final judgment adopting the report of the referee.

This appeal timely follows.

## II

Appellant's first assignment of error contends that:

"There existed no contract between Solon Family Physicians, Inc. and the Appellant."

■ Essentially, the trial court determined that appellant's letter of June 28, 1989 created a suretyship under which appellant is now liable.

■ Suretyship is the contractual relation whereby one person, the surety, agrees to answer for the debt, default or miscarriage of another, the principal,

with the surety generally being primarily and jointly liable with the principal. *Hopkins v. INA Underwriters Ins. Co.* (1988), 44 Ohio App.3d 186, 188, 542 N.E.2d 679, 682.

"The [Suretyship] arrangement is made to induce the creditor to deal with the borrower where there might otherwise be a reluctance to do so. Under this arrangement, the nature, size, and source of the possible loss to the creditor is known from the start. In addition, there is no payment from the creditor to the surety or guarantor for this 'insured' payment. Rather, a kind of tripartite relationship is formed. The consideration running from the creditor to the debtor is deemed sufficient to support the surety's promise to make the debt good. In turn, the benefit flowing to the debtor by virtue of the surety's promise places that debtor under an implied legal obligation to make good any loss incurred by any payment the surety must ultimately make to the creditor. 74 Am.Jur.2d Suretyship § 171 (1974)." *United States v. Tilleraas* (C.A.6, 1983), 709 F.2d 1088, 1091.

Furthermore, any doubtful language in the contract of surety must be construed strongly against the surety, and in favor of indemnity, which the creditor has reasonable ground to expect. See *Carter v. Bernard* (1971), 27 Ohio Misc. 165, 56 O.O.2d 413, 269 N.E.2d 139.

The letter dated June 28, 1989 clearly guaranteed appellee that appellant would "protect any outstanding bill." This guarantee of payment created a suretyship under which appellant became liable to appellee. The record demonstrates that Buckles is in default. Further, under *Tilleraas* no consideration need be demonstrated. On this basis, we determine that appellant is liable for the debt.

Appellant's first assignment of error is overruled.

### III

For their second assignment of error, appellant contends that:

"It is an abuse of discretion to state that *Bar Opinion No. 87–3* imputes independent contractual liability."

Opinion No. 87–3 of the Bar Association of Greater Cleveland, Professional Ethics Committee (Mar. 29, 1988), provides in relevant part that:

"An attorney is ordinarily bound by a client's instructions to pay to the client funds collected by the attorney for the client even though the funds are subject to an assignment or claims in favor of a third party. *However*, the attorney is not so bound where it is reasonably clear that the client is not entitled to the funds, such as in situations where representation costs and payments of other obli-

gations have been agreed to by the client under an agreement with the attorney * * *." (Emphasis added.)

The referee in the case *sub judice* did not, as appellant claims, cite Bar Opinion No. 87–3 for purposes of imputing liability. Rather, the referee merely determined that appellant's obligation to appellee was not extinguished by a supposed ethical dilemma. It is clear from the contract between appellant and Buckles that the referee's ruling was proper. Through that contract, Buckles agreed, irrevocably, to allow appellant to pay appellee for the medical services rendered.

Appellant's second assignment of error is overruled.

## IV

For their final assignment of error, appellant contends that:

"It was an abuse of discretion in assessing the amount of damages against the appellant."

█ Appellant hereunder argues that damages should have been assessed only for those services rendered after June 28, 1989.

The very wording of the June 28, 1989 letter to appellee demonstrates that the trial court's award was proper. In that letter, in which appellant identifies Buckles' treatment length as November 20, 1988 to present, appellant agreed to "protect any outstanding bill for your services to the above referenced individual." The letter does not, however, limit such agreement to future services. Furthermore, the contract between appellant and Buckles does not indicate such limitations.

On the basis of the evidence produced below, we find that the trial court's computation of damages is accurate.

Appellant's final assignment of error is overruled.

*Judgment affirmed.*

NUGENT, P.J., and DYKE, J., concur.