OPINION
The proceedings for the within appeal began on March 24, 1993, when the City of Mentor filed its complaint for foreclosure and marshaling of liens, in the Lake County Court of Common Pleas, against property of appellant, Susan J. Hutson. Also named as defendants in the complaint were several parties who may have claimed an interest in the subject property located at 9578 Lakeshore Dr. in Mentor, Ohio ("the property"). One of these parties was appellee, Robert B. Murch.
After the complaint was filed, many of the parties, including appellee, filed cross-claims against appellant claiming liens on said property. Appellee alleged in his cross-claim that he was due money on a promissory note ("the promissory note") executed by a former owner of the property and secured by a mortgage on the property. The trial court ordered appellant and appellee to submit briefs and stipulations of facts for it to determine the cross-claim. The parties filed briefs, but not stipulations of facts.
Appellee's interest in the property stems from a $20,000 promissory note given to him by Patrick Burrier, on November 15, 1977. At the time the note was signed by Patrick Burrier, appellee obtained a mortgage on the property, executed by both Patrick and Catherine Burrier, as security ("the mortgage"). According to the mortgage, both Burriers received the $20,000 consideration. According to an affidavit signed by Michael John Laird, who witnessed the signing of the mortgage, Murch transferred a check for $20,000 to Patrick and Catherine Burrier. No other evidence, such as the cancelled check, was presented to show that the check was written to both Burriers. The mortgage referenced the promissory note and was properly recorded on November 30, 1977, while Catherine Burrier was the record owner of the property; Patrick Burrier, Catherine Burrier's then husband, had conveyed the property to her by quit-claim deed on June 20, 1974. Since November 15, 1977, the property has been transferred several times to different parties by quit-claim deed. Eventually, appellant, who is Patrick Burrier's second ex-wife, came into possession of the property. The record before us is unclear as to the events leading to appellant obtaining the property. According to appellant, she obtained the property through a divorce settlement, though no copy of the settlement agreement or deed appears in the record. Appellee made several demands for payment, which were never satisfied, and with interest was owed $104,703.82 as of the date of the cross-claim.
Appellant disputed the validity of appellee's interest in the property by claiming that only Patrick Burrier, and not Catherine Burrier, signed the promissory note but that Catherine Burrier, not Patrick Burrier, owned the property. Therefore, she argued, Catherine Burrier received no consideration for the note and was not indebted to appellee, and appellee had no interest in the property. In a judgment entry, dated January 7, 1999, the trial court determined that appellee's mortgage was valid because there was no evidence that the property was owned only by Catherine Burrier or that she did not receive consideration for the note. The court ordered that the case would proceed to foreclosure and that appellee was to obtain a final judicial report, prepare a decree in foreclosure, and submit them to the trial court.
On January 19, 1999, appellant filed a notice of appeal, in this court, and a motion for reconsideration, in the trial court, both with regard to the January 7, 1999 judgment entry. Upon determining that the judgment appealed from may not be a final order, we ordered that appellant submit a memorandum in support of our jurisdiction. On March 29, 1999, we, sua sponte, dismissed the appeal for failure to prosecute because appellant had not filed a memorandum. The trial court then overruled appellant's motion for reconsideration.
On March 30, 1999, the trial court marshaled the liens against the property and ordered foreclosure of the equity of redemption of all defendants. On April 7, 1999, appellant filed a new notice of appeal from the March 30, 1999 entry. She assigns the following errors:
 "[1.] The trial court erred in finding that there was a loan from Robert Murch to Catherine Burrier.
 "[2.] The trial court erred in accepting the preliminary judgment report filed in 1993 at the inception of the foreclosure action.
 "[3.] The trial court erred in recognizing a mortgage which was never supported by valid consideration.
 "[4.] The trial court erred in accepting appellee Murch's mischaracterized `facts as stipulated by both parties.'
 "[5.] The trial court erred in finding the mortgage in question valid on its face."
We must first address appellee's contention that we should dismiss this appeal as untimely and for failure to file a brief that complied with Loc.R. 12. He prays that we grant him reasonable expenses for defending this appeal because it is frivolous. These prayers by appellee are actually separate motions and should have been addressed to the court as such. There is no provision in the Appellate Rules, or our local rules, that would allow a party to raise separate motions in an appellate brief. We, therefore, overrule them as being improperly filed.
Furthermore, the January 7, 1999 judgment entry from which appellant initially appealed was not a final order. In that entry, the trial court made a preliminary order that determined the cross-claim between appellee, Murch, and appellant, Hutson. It specifically ordered that appellee prepare an additional entry, a decree in foreclosure, which would finally determine the action. Therefore, the March 30, 1999 entry was the final order and this appeal is timely.
We will address appellant's fourth assignment of error first. In her fourth assignment of error, appellant asserts that the trial court erred by accepting appellee's "facts as stipulated by both parties." From its judgment entry, it is clear that the trial court did not recognize any stipulated facts by the parties. Appellant's fourth assignment of error has no merit.
We will address appellant's first, second, third, and fifth assignments of error together. Appellant asserts that the trial court erred by concluding that: appellee made a $20,000 loan to both Patrick and Catherine Burrier; both Patrick and Catherine Burrier owned the property when the promissory note was signed; the mortgage signed by Catherine Burrier was supported by valid consideration; and the mortgage signed by Catherine Burrier was valid on its face.
Appellant is correct in her assertion that the promissory note was signed only by Patrick Burrier. Appellee alleged, in his cross-claim against appellant, that his interest in the property was by virtue of a promissory note secured by a mortgage. According to R.C. 1303.41(A), "[a] person is not liable on an instrument unless the person signed the instrument or the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person * * *." Because Catherine Burrier did not sign the promissory note, she was not liable to appellee for it.
Appellant is also correct in her assertion that the trial court erred by determining that both Patrick and Catherine Burrier owned the property on the date that Patrick Burrier signed the promissory note. In her brief to the trial court, appellant attached, as an exhibit, a properly recorded deed by which Patrick Burrier conveyed the property to Catherine Burrier. However, the trial court wrote that appellant produced no evidence to show that the property was owned solely by Catherine Burrier. Appellee does not dispute that Patrick Burrier granted the property to Catherine Burrier.
Although Catherine Burrier was not liable on the promissory note, she signed the mortgage conveying her equitable interest in the property, subject to defeasance, to appellee, Murch. Appellant argues that this mortgage was invalid on its face and/or not supported by valid consideration.
Appellant's argument that the mortgage was not valid on its face goes to the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." C.E. Morris Co. v. Foley Const. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus. Appellant argues that she is in possession of a copy of the mortgage that had been attached by appellee as an exhibit in a previous lawsuit and that it was not properly signed by two witnesses. However, appellee submitted the copy to the court that was on file with the County Recorder's office, which had been signed by two witnesses. The trial court's determination that the mortgage was valid on its face is supported by competent, credible evidence.
"When a mortgagor executes a mortgage deed as security for the debts of another, the mortgagor becomes a surety."Society Natl. Bank v. Unknown Heirs of Hitzler (Sept. 16, 1987), Medina App. No. 1592, unreported, citing Insurance Co. v.McDonnell (1885), 41 Ohio St. 650. "Suretyship is the contractual relation whereby one person, the surety, agrees to answer for the debt, default or miscarriage of another, the principal, with the surety generally being primarily and jointly liable with the principal debtor." Hopkins v. INA Underwriters Ins. Co. (1988),44 Ohio App.3d 186, 188, 542 N.E.2d 679, 682. "The consideration running from the creditor to the debtor is deemed sufficient to support the surety's promise to make the debt good." Solon FamilyPhysicians, Inc. v. Buckles (1994), 96 Ohio App.3d 460, 464,645 N.E.2d 150.
Thus, Catherine Burrier became a surety on the debt between Patrick Burrier and appellee. The consideration running from appellee to Patrick Burrier was sufficient to support Catherine Burrier's obligation. There was also evidence, Laird's affidavit and language in the mortgage, that Catherine Burrier received the $20,000 from Murch. Though the trial court was incorrect in its conclusions that both Catherine and Patrick Burrier were liable on the promissory note and that both owned the property, it was correct in its determination that appellee's security interest in the property was valid. Despite these errors, the trial court reached the correct result.
The judgment of the trial court is affirmed.
 _______________________________ JUDGE ROBERT A. NADER
FORD, P.J., O'NEILL, J., concur.