OPINION
Defendant-appellant Matthew Giannini appeals the decision of the Mahoning County Court No. 2 which granted judgment for plaintiff-appellee Sharon Regional Physician Services. For the following reasons, the judgment of the trial court is affirmed.
 STATEMENT OF THE CASE
After Kevan Newell was injured in an automobile accident, he hired appellant to represent him in his personal injury action. Mr. Newell began receiving treatment from Dr. Mark Sbarro, an employee of appellee, in September 1997. On January 12, 1998, appellant sent a signed letter to Dr. Sbarro which stated:
 "Please accept this Letter of Protection in the obligation due and owing by the above-captioned patient for services rendered as a direct result of [the] injuries from which he has filed this personal injury action.
 Please be advised that in consideration of your office's forbearance of collection proceedings, upon settlement or judgment of this matter and the receipt of any proceeds in this regard, this office shall make direct payment on the sum due and owing for these services prior to any distribution of proceeds to the client."
Dr. Sbarro continued to provide medical services to Mr. Newell until March 1999 when it was discovered that appellant had received a personal injury settlement check from the tortfeasor and disbursed the funds to Mr. Newell without paying appellee. Thereafter, appellee filed suit against appellant seeking $1,919, the amount of Mr. Newell's unpaid medical bills. Appellee sought to recover from appellant on the theory that appellant's letter of protection created a suretyship by which appellant was obligated to pay unpaid medical bills of Mr. Newell prior to distribution of any settlement or judgment proceeds.
Appellant filed a motion to dismiss the lawsuit on the grounds that the letter did not create a suretyship but was just a letter from an attorney on behalf of his client informing Dr. Sbarro of the client's intentions. In the alternative, appellant argued that he was only obligated to pay if a debt existed and because Mr. Newell discharged a debt to Dr. Sbarro in bankruptcy, there was no debt for which appellant is liable as a surety.[1] The parties thereafter stipulated to the facts contained in the pleadings, waived a trial and submitted the case to the court for judgment on the pleadings alone.
On January 14, 2000, the trial court rendered judgment in favor of appellee. The trial court reasoned that a surety relationship was clearly created when appellant offered to pay appellee prior to disbursement of the personal injury recovery and induced appellee to provide more medical services to Mr. Newell. The court noted that bankruptcy merely discharges the debtor's liability for a debt. The court explained that bankruptcy discharges the right of a creditor to collect against the debtor; however, the creditor can still collect the debt from other liable entities. The within timely appeal followed.
Prior to addressing appellant's arguments, we shall discuss why we are disregarding appellant's statement of the evidence and proceedings which he claims was submitted pursuant to App.R. 9(C). This appellate rule provides that such a statement can be submitted if no report of the evidence or proceedings at a hearing or trial was made or if it is unavailable. However, in the case at bar, neither a hearing nor a trial was conducted as the case was submitted on the pleadings. Because the case was submitted to the trial court on the pleadings, it may only be submitted to this court on the pleadings. Thus, a statement under App.R. 9(C) is inappropriate. Moreover, App.R. 9(C) requires that the statement be submitted to the trial court for settlement and approval. However, the statement submitted to this court shows no indication that the trial court approved the statement. For these reasons, we shall disregard the statement of the evidence and proceedings submitted to this court.
 ASSIGNMENT OF ERROR
Appellant's sole assignment of error alleges:
 "THE DECISION OF THE TRIAL COURT SHOULD BE REVERSED ON GROUNDS THAT WHEN PATIENT DISCHARGES THIS DEBT IN FEDERAL BANKRUPTCY PROCEEDINGS, HE CEASED TO OWE ANY OBLIGATION TO PLAINTIFF/APPELLEE WHICH THEREUPON RENDERED A NULLITY THE LETTER OF PROTECTION ISSUED BY HIS ATTORNEY, DEFENDANT/APPELLANT, WHEREIN IT WAS AGREED THAT THIS PATIENT'S OUTSTANDING BALANCE WOULD BE PAID DIRECTLY BY COUNSEL OUT OF CLIENT'S SHARE OF ESCROWED SETTLEMENT FUNDS PRIOR TO FINAL DISBURSEMENT.
 ALTERNATIVELY, THE TRIAL COURT ERRED IN FINDING THAT THE ABOVE DESCRIBED LETTER OF PROTECTION CREATED A SURETYSHIP WHEREBY COUNSEL FOR PATIENT ASSUMED PERSONAL LIABILITY FOR THE DISCHARGED DEBT."
Appellant argues that he was merely acting as an agent of Mr. Newell when he sent the letter of protection to Dr. Sbarro. He thus contends that the letter should not give rise to a suretyship whereby the court imposes personal liability upon appellant for the debt of Mr. Newell. Thus, the first issue is whether the above-quoted letter of protection created a suretyship.
To avoid personal liability, an agent must disclose the agency relationship and the identity of the principal. See Dunn v. Westlake
(1991), 61 Ohio St.3d 102, 106. After doing so, an agent is not ordinarily liable for acts taken on behalf of the principal if he acts within the scope of his authority. Id. However, there are exceptions to this rule that are relevant in the case at bar. For instance, an agent may be held personally liable when he manifests an intention to bind himself. Ohio St. Univ. Hosp. v. Evans (Sept. 21, 1995), Licking App. No. 95 CA 19, unreported, 3. Further, an agent may be held personally liable when the plaintiff's motivation for servicing the debtor is based solely and exclusively upon the credit of the agent. Id. This concept is consistent with the principles behind surety law.
Suretyship is a relationship whereby the surety agrees to answer for the debt of another, resulting in the surety becoming primarily and jointly liable with the principal debtor. Solon Family Phys., Inc. v.Buckles (1994), 96 Ohio App.3d 460, 463, citing Hopkins v. INAUnderwriters Ins. Co. (1988), 44 Ohio App.3d 186, 188. See, also, Black'sLaw Dictionary (6th Abr. Ed. 1991) 487 (distinguishing a surety who is primarily liable to the creditor from a guarantor who is only liable upon default of the principal).[2] The surety induces the creditor to deal with the debtor where there might otherwise be a reluctance to do so; credit or other service are provided to the debtor "upon the faith of the surety's engagement." Medina Supply Co. v. Corrado (1996),116 Ohio App.3d 847, 853, quoting Neininger v. State (1893),50 Ohio St. 394, 400-401. The consideration running from the creditor to the debtor is deemed sufficient to support the surety's promise to make the debt good. Solon, 96 Ohio App.3d at 464, quoting United States v.Tilleraas (C.A.6, 1983), 709 F.2d 1088, 1091. Doubtful language in a contract of surety is construed against the surety. Solon,96 Ohio App.3d at 464; Plumbers Local Union v. State Auto Ins. Co. (Nov. 13, 1997), Cuyahoga App. No. 72273, unreported, 3.
In Solon, the Eighth Appellate District found that a letter of protection from an attorney to a doctor who was providing medical services to the attorney's client created a suretyship under which the attorney was held liable. The letter stated, "This letter serves to confirm that this office will protect any outstanding bill for your services to the above referenced individual and we will see to it that your fee is paid promptly from the proceeds of the settlement." Solon,96 Ohio App.3d at 463. The court stated that the letter clearly guaranteed that the attorney would protect the doctor by paying his fee promptly upon receipt of settlement funds. Id. at 464.
In Manor Care Nursing Rehab. Ctr. v. Thomas (1997),123 Ohio App.3d 481, the First Appellate District also found that a suretyship was created by a letter from an attorney to a medical provider. This letter stated, "Please be advised that our office is hereby guaranteeing that before any funds are disbursed to [client], we will pay any balance due and owing to [medical provider] out of any settlement proceeds or jury [verdict]. In other words, [client] will receive absolutely no funds until such time as your medical bills have been paid in full in the event there is any balance due and owing." Id. at 484. The court stated that the attorney created a suretyship conditioned only on the receipt of settlement funds or a jury verdict. Id. at 489. Furthermore, the Fifth Appellate District held that an attorney created a suretyship in favor of the physician/creditor in a letter which promised "to withhold such sums from any settlement, judgment, or verdict as may be necessary to adequately protect the said doctors." Shiepis Clinic ofChiropractic, Inc. v. Stevenson (July 8, 1996), Stark App. No. 1995CA00343, unreported, 1, 3.
In the case at bar, the "letter of protection" evidences an intent by appellant to bind himself. Appellant assured appellee that he would be the initial receiver of any personal injury recovery of Mr. Newell. Appellant promised that his office would forward a direct payment of the amount due and owing for the services prior to disbursement of the recovery to Mr. Newell. Appellant even explained what he determined was the consideration, i.e., guaranteed payment in return for forbearance of collection proceedings against the debtor. Dr. Sbarro did not attempt to collect from Mr. Newell as requested by appellant, and he did not file creditor's objections in the bankruptcy. Moreover, after receiving this letter, Dr. Sbarro continued treating Mr. Newell even though he had not been paid for previous services. This continued treatment was in reliance on the credit of appellant as a surety. Regardless, as aforementioned, the consideration running from the creditor to the debtor is sufficient to support the surety's promise to pay. Hence, the letter of protection created a suretyship under the facts in this case.
Appellant's brief relies upon Evans, Licking App. No. 95CA19, where the Fifth Appellate District refused to apply the principles of suretyship to an attorney's letters to a hospital. However, that case is distinguishable from the case at hand and the cases reviewed above. Firstly, the letters in Evans used the following language that negated the attorney's intent to be bound: "we anticipate that there will be some insurance coverage available with which to pay some of the medical bills including the hospital bill," "you should be paid in full," "[o]ur suggestion for you is to wait," and "[w]e expect * * *." Id. at 1-4. Secondly, the Evans court found that the reason the hospital agreed to forgo collection against the patient was not due to the attorney's letters but was due to an assignment of reparations that the patient signed. Id. at 4. Accordingly, appellant's argument that his letter of protection did not create a suretyship is overruled.
The next issue is whether the fact that Mr. Newell had his personal liability for Dr. Sbarro's bill discharged in bankruptcy precludes collection of the debt under the suretyship. Appellant contends that because Mr. Newell's bankruptcy discharged his liability to Dr. Sbarro, there is no debt to collect from him as the surety.
A surety's obligation is derived from that of the debtor. Generally, a surety is not liable unless the debtor is liable. Thus, the surety may plead certain defense available to the debtor. However, the Supreme Court of Ohio has held that a surety can only assert defenses of the bankrupt principal that are "good defenses" to the "original liability" and cannot assert the defense of bankruptcy. Holben v. Interstate Motor FreightSyst. Ins. Co. (1987), 31 Ohio St.3d 152, 156-157; Hopkins,44 Ohio App.3d 186, 189 (stating that a surety may not assert defenses which are purely personal to a principal, such as infancy, incapacity or bankruptcy).
As the trial court opined, discharge in bankruptcy is personal to the bankrupt and does not inure to benefit a codebtor or surety such as appellant. See, e.g., Ohio Student Loan Comm. v. Rodner (1991),68 Ohio App.3d 397, 400; Fisher v. Lewis (1988), 57 Ohio App.3d 116,117; Squires Constr. Co. v. Smith (1982), 8 Ohio App.3d 183, 184; Kutzav. Parker (1962), 115 Ohio App. 313, 316. Specifically, Section 524(a), Title 11, U.S. Code provides that the discharge of a debt of the debtor is personal to the debtor. Furthermore, Section 524(e) states that discharge of a debtor from liability of the debt does not affect the liability of any other entity on such debt. In essence, the debtor's liability for the debt is excused, but the debt is still "due and owing." See Id. See, also, Markle v. Wayne S. L. Co. (June 29, 1999), Ashland App. No. 98-COA-01274, unreported.
Hence, the liability of a person who is a codebtor with, or a guarantor or a surety for, a bankrupt is not altered by the discharge of such bankrupt. S.Rep. No. 989, 95th Cong., 2d Sess. 80-81 (1978). See, also,Kutza, 115 Ohio App. at 316; Cent. Natl. Bank of Cleveland v. Mills
(1939), 62 Ohio App. 413, 427; Gosiger, Inc. v. Collinsworth (Mar. 23, 1989), Greene App. No. 88-CA-79, unreported, 4. Accordingly, appellant's argument, that he owes no debt as a surety because the debtor's debt was discharged in bankruptcy is without merit.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
WAITE, J., concurs, DeGENARO, J., concurs.
[1] Mr. Newell filed for Chapter 13 bankruptcy on December 31, 1996. On October 14, 1998, he converted the action to a Chapter 7 bankruptcy and supplemented his list of creditors with a debt owed to Dr. Sbarro for $3,139. (Note that the lawsuit at hand sought only $1,919 in unpaid medical bills and the reason for the discrepancy in amounts is not revealed in the pleadings). Sharon Regional Health, the hospital of which Sharon Regional Physician Services is a satellite affiliate, was also named as a creditor, but the debt listed was only $103. Neither filed creditor objections in the bankruptcy action.
[2] As will be seen infra under our analysis of the issue of the debtor's bankruptcy, the distinction between a guarantor and surety is not critical. Bank One v. Girardi's Rest. Bar, Inc. (Mar. 3, 1994), Franklin App. No. 93AO-1024, unreported, 5, fn. 1 (stating that whether characterized as guarantors or sureties, only the bankrupt is protected from collection on his debts).