This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Jonick Company, Inc., and Jonick Dock Terminal Company, appeal from a judgment of the Lorain County Court of Common Pleas that granted summary judgment in favor of Appellees, Ziegler Tire 
Supply Company and Ziegler Tire of Cuyahoga County. This Court affirms.
Jonick was a common carrier. Ziegler was in the business of selling tires to truck fleets, such as Jonick. Ziegler enrolled Jonick in a program called "Bandag ETA". Under this program, trucking fleets received emergency tire service while on the road in the continental United States. This service cannot be purchased directly from Bandag, Inc. ("Bandag"). It can only be purchased from a Bandag franchisee or agent such as Ziegler. Under the "Preferred" Customer Enrollment Form, Bandag agreed to provide emergency tire service for the benefit of Jonick, and Ziegler promised to pay for all invoices from Bandag for emergency tire service provided for the benefit of Jonick.
The "ETA" program works as follows. When a driver for Jonick has a blowout, he or his home office calls Bandag. Bandag dispatches one of its closest dealers to the driver to repair the tire. The dealer who serviced the driver sends its bill to Bandag and Bandag pays the invoice. Bandag then bills Ziegler. Ziegler then sends Jonick a bill for the services provided by Bandag.
Jonick received emergency tire service from Bandag from July 1992, to November 1998. During that period of time, Bandag billed Ziegler $257,681.36 for services, which Ziegler paid. Ziegler, in turn, billed Jonick $286,812.23 for the same Bandag services. Upon learning that Ziegler was billing it for an amount greater than Bandag was charging Ziegler for the same services, Jonick refused to pay several invoices it received from Ziegler. Jonick filed a claim in the Lorain County Court of Common Pleas seeking to recover the amount of money it paid to Ziegler in excess of the amount Bandag charged Ziegler for the services. Ziegler counterclaimed for the amount of the invoices that Jonick had not paid.
The trial court granted Ziegler's motion for summary judgment as to Jonick's complaint and Ziegler's counterclaim. Jonick timely appealed, and has set forth one assignment of error for review.
 ASSIGNMENT OF ERROR The Trial Court Erred When It Granted Summary Judgments In Favor Of The Appellees.
 Jonick has argued that the trial court erred by granting Appellee's motion for summary judgment. We disagree.
 An appellate court reviews an award of summary judgment de novo and, like the trial court, must view the facts in the case in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704, 711; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411-12. In determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party.
State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587, 589, citingState ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994),69 Ohio St.3d 217, 219.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of his motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
To support its motion for summary judgment, Ziegler argued that there were no genuine issues of material fact remaining, and that Ziegler is entitled to judgment as a matter of law. Ziegler admitted that, as part of its normal business practice, it charged Jonick more for the services that Bandag charged Ziegler for the same services. Jonick offered no evidence to show that any issues of material fact remained in dispute other than whether the "mark-ups" were legal. The only issue in dispute is whether Ziegler could lawfully charge Jonick more for the services than Bandag charged Ziegler. This is a question of law, not of fact and is therefore subject to summary judgment.
Jonick's entire argument rests on the proposition that the "Preferred" Customer Enrollment Form constituted a suretyship, with Ziegler being the surety for the debts of Jonick, the principal, and Bandag, the creditor. A suretyship is a contractual relation whereby one person, the surety, agrees to answer for the debt or miscarriage of another, the principal, with the surety generally being primarily and jointly liable with the principal. Solon Family Physicians, Inc. v. Buckles (1994),96 Ohio App.3d 460, 463. After reviewing the form, this Court finds that no suretyship was created. It is clear from the enrollment form that Ziegler was responsible for paying Bandag for services that Bandag provided to Jonick. Jonick, in turn, was bound by a separate agreement that it had with Ziegler to pay Ziegler for the services it received from Bandag.
To support its motion for summary judgment regarding the counterclaim, Ziegler produced copies of the invoices that had been sent to Jonick, which Jonick refused to pay. Jonick admitted to receiving the services listed on the invoices and acknowledged that it owes Ziegler for those services. The only issue in dispute is whether Ziegler was entitled to the total amount on the invoices, which represents a mark-up from the invoices Ziegler received from Bandag. This, too, is a matter of law, not of fact, and is appropriate for summary judgment.
This Court finds that Ziegler met its burden of establishing a lack of genuine issues of material fact as to the essential elements of Jonick's claims and its counterclaim. As Jonick did not meet its reciprocal burden to demonstrate a dispute of material fact as to any of its claims or Ziegler's counterclaim, we hold that the trial court correctly granted Ziegler's motion for summary judgment. Jonick's assignment of error is overruled and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 _______________________________ LYNN C. SLABY
BATCHELDER, P.J., WHITMORE, J. CONCUR.