JOURNAL ENTRY and OPINION.
{¶ 1} In this accelerated appeal, appellant William H. Smith appeals from the trial court's entering a $50,000 judgment against him. He assigns the following errors for our review:
 {¶ 2} "I. The trial court abused its discretion when it summarily entered judgment against appellant, William H. Smith, for his failure to appear at trial."
 {¶ 3} "II. The trial court abused its discretion in entering a default judgment against appellant, William H. Smith."
 {¶ 4} "III. The trial court's finding that the appellant, William H. Smith, owed a duty to withhold funds from a wrongful death settlement was against the manifest weight of the evidence."
 {¶ 5} "IV. The damages awarded by the trial court against appellant, William H. Smith are not supported by evidence and are excessive."
 {¶ 6} Having reviewed the record and the legal arguments of the parties, we reverse the trial court's decision. The apposite facts follow:
 {¶ 7} Albert Williams obtained a judgment against Betty Blair in the amount of $25,000, arising from a personal injury suit. Upon discovering that Blair was to receive a settlement from the City of Cleveland for the wrongful death of her son, Williams served the City and Blair with notice of garnishment, which ordered the City to pay Williams a portion of the settlement to satisfy his judgment against Blair.
 {¶ 8} Blair's attorney, William Smith, advised Williams that the garnishment order would complicate the settlement with the City. According to Williams' attorney Charles Young, attorney Smith proposed an arrangement where he would withhold the sum due Williams from the settlement that Blair received and forward the amount to Young to give to Williams. Attorney Smith submitted a letter to attorney Young memorializing the agreed upon arrangement.
 {¶ 9} According to Williams, the amount was never paid. He therefore filed suit against both Blair and attorney Smith.
 {¶ 10} Blair and Smith failed to answer the complaint. Therefore, on August 21, 2001, Williams filed a motion for default judgment against both parties. Attorney Smith filed a motion to file an answer instanter, which was granted by the trial court.
 {¶ 11} Blair never filed an answer. Therefore, the trial court entered default judgment against her in the amount of $50,000. Trial regarding Williams claims against attorney Smith was then set for December 19, 2001.
 {¶ 12} The record indicates that neither attorney Smith nor his counsel appeared for the scheduled final pretrial/settlement conference or for tria1. After receiving evidence in the form of affidavits by Williams and attorney Young and reviewing the letter Smith sent to Young, the trial court entered the following order:
 {¶ 13} "Trial scheduled to begin today. Defendant failed to appear after the court waited almost one hour. The record shows that Defendant also failed to appear at the settlement conference and final pretrial. For good cause shown, it is hereby ordered that Plaintiff Albert Williams recover of the Defendant William H. Smith the sum of $50,000. It is so ordered."
 {¶ 14} Because Smith's third assigned error resolves the issues raised on appeal, we address it first.
 {¶ 15} In his third assigned error, Smith argues that the letter he wrote to Williams memorializing Blair's agreement to pay $25,000 to Williams from the wrongful death settlement proceeds, did not constitute a suretyship, and consequently he was not liable for Betty Blair's debt.
 {¶ 16} A suretyship is a relationship whereby the surety agrees to answer for the debt of another, resulting in the surety becoming primarily and jointly liable with the principal debtor.[1] The surety induces the creditor to deal with the debtor where there might otherwise be a reluctance to do so; credit or other service are provided to the debtor "upon the faith of the surety's engagement."[2] The consideration running from the creditor to the debtor is deemed sufficient to support the surety's promise to make the debt good.[3]
Doubtful language in a contract of surety is construed against the surety.[4] The law requires an express agreement to create a suretyship, it will not be implied.[5] Therefore, the examination of the precise wording of contractual language is crucial to a determination whether creation of a suretyship was intended.[6]
 {¶ 17} The letter Smith sent to Williams' attorney, stated as follows:
 {¶ 18} "Dear Mr. Young:
 {¶ 19} "This will memorialize our agreement relative to a final resolution of the above captioned matter. It is agreed that Betty Blair shall pay the sum of $25,000, from the proceeds that she personally receives from the Wrongful Death Settlement, in The Estate of MichaelPipkins, Cuyahoga County Probate Court, Case No. 1087135, when said funds become available for distribution. In exchange for such payment, all interest and cost associated with and related to the garnishment commenced in the Cleveland Municipal Court, Case No. 2000 CVH 22031, shall be waived.
 {¶ 20} "If this is you [sic] understanding, kindly sign and return a copy of this letter to my attention at your earliest opportunity."
 {¶ 21} Smith argues this letter fails to create a duty or obligation on his part to act as a surety of the $25,000 amount owed to Williams. Smith further contends he never received the proceeds from the settlement, because the City issued the check directly to Blair.
 {¶ 22} We agree the letter does not create an obligation on attorney Smith's part to pay Blair's debt owed to Williams. The letter clearly states the agreement was that "Blair" would pay the judgment out of the amount she "personally" received from the settlement. No where in this letter did attorney Smith obligate himself to pay the amount out of the proceeds.
 {¶ 23} We conclude that this absence of express language distinguishes this case from other cases where it was found an attorney letter guaranteeing payment of a debt created a surety.[7] Because a suretyship will not be implied, in absence of language expressly setting forth the attorney's guaranteeing the payment of the debt, we do not find a suretyship was created.
 {¶ 24} Williams claims, along with the letter, there was evidence of a suretyship presented as contained in attorney Young's affidavit, in which Young averred to having conversations with attorney Smith, in which attorney Smith promised, himself, to withhold the funds. This court inRoberts v. GW Industries, Inc.[8] held:
 {¶ 25} "The Ohio Statute of Frauds, codified in R.C. 1335.05, provides, in relevant part:
 {¶ 26} "No action shall be brought whereby to charge the defendant, upon a special promise, to answer for the debt, default or miscarriage of another person unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.
 {¶ 27} "This aspect of the Statute of Frauds is commonly referred to as the `suretyship' provision and applies where a person, not before liable, orally promises to a person to whom another is answerable that the surety will be answerable for the debt. See 72 American Jurisprudence 2d (1974) 709, Statute of Frauds, Sections 179, 186."
 {¶ 28} Therefore, based on the statute of frauds, because this alleged oral promise by attorney Smith to personally withhold the funds from the settlement was never reduced to writing, we cannot consider it in ascertaining if a suretyship was created.
 {¶ 29} Smith's third assigned error has merit and is sustained.
 {¶ 30} Smith's remaining assigned errors are rendered moot based upon our sustaining Smith's third assigned error. App.R. 12(A)(1)(c).
Judgment reversed.
JAMES J. SWEENEY, J., and SEAN C. GALLAGHER, J., concur.
[1] Solon Family Phys., Inc. v. Buckles (1994), 96 Ohio App.3d 460,463.
[2] Medina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847, 853, quoting Neininger v. State (1893), 50 Ohio St. 394, 400-401.
[3] Solon, 96 Ohio App.3d at 464, quoting United States v. Tilleraas
(C.A. 6, 1983), 709 F.2d 1088, 1091.
[4] Solon, 96 Ohio App.3d at 464; Plumbers Local Union v. State AutoIns. Co. (Nov. 13, 1997), Cuyahoga App. No. 72273.
[5] Gholson v. Savin (1941), 137 Ohio St. 551, 557.
[6] Manor Care Nursing Rehab. Ctr. v. Thomas (1997),123 Ohio App.3d 481, 488.
[7] See, Solon Family Physicians, Inc. v. Buckles, 96 Ohio App.3d 460
(suretyship created by attorney letter containing language, "* * * this office will protect any outstanding bill for your services to the above referenced individual and we will see to it that your fee is paid promptly from the proceeds of the settlement."); Sharon Regional PhysicianServs. v. Giannini, 7th Dist. No. 00 CA 41, 2001-Ohio-3233 (attorney letter stating that "this office shall make direct payment on the sum due and owing * * * prior to any distribution of proceeds to the client" created suretyship).
[8] (1987), Cuyahoga App. No. 52006.