{¶ 55} Because I disagree with the majority's analysis and resolution of Wood's assignments of error, I respectfully dissent.
 {¶ 56} As part of the merchant agreement between Farm Plan and River Valley, Wood executed a "Continuing Guaranty of Obligations Arising Out of Farm Plan Merchant Agreement." Wood signed the agreement personally, without any indication that he was signing in his capacity as River Valley's general manager. If valid and enforceable, Wood is personally liable under the guaranty to Farm Plan for River Valley's delinquent merchant authorized accounts.
 {¶ 57} Because the trial court decided this case primarily based on the issue of unilateral mistake, I begin my analysis by reviewing Wood's assertion that if he signed the guaranty it was without knowledge of its terms, and was solely in a representative capacity, eliminating any personal responsibility for the delinquent merchant authorized accounts. In the alternative he argues that the guaranty was executed as the result of a mutual mistake *Page 12 
between the parties.
 {¶ 58} It is well-established that "one who signs a contract without first making a reasonable effort to learn what is in it may not in the absence of fraud, or mutual mistake, avoid the effect of such contract."Campco Distributors, Inc. v. Fries (1987), 42 Ohio App.3d 200 at 203. "Parties to contracts are presumed to have read and understood them and * * * a signatory is bound by a contract that he or she willingly signed." Preferred Capital, Inc. v. Power Engineering Group, Inc.,112 Ohio St.3d 429, 2007-Ohio-257, ¶ 10, citing Haller v. Borror Corp.
(1990), 50 Ohio St.3d 10, 14.
 {¶ 59} The doctrine of mutual mistake may permit rescission of a contract when the agreement is based on a mutual mistake of law or fact.State ex rel. Walker v. Lancaster City School Dist. Bd. of Edn.,79 Ohio St.3d 216, 200, 1997-Ohio-396. A mutual mistake is one made by both parties at the time the contract is entered into, "which has a material effect on the agreed exchange of performances." Reilley v.Richards, 69 Ohio St.3d 352, 353, 1994-Ohio-528. A unilateral mistake occurs when "one party recognizes the true effect of an agreement while the other does not." Gen. Tire, Inc. v. Mehlfeldt (1997),118 Ohio App.3d 109, 115. A unilateral mistake does not relieve a party of his obligations under a guaranty contract. Campco, at paragraph two of the syllabus.
 {¶ 60} As noted by the trial court, Wood raised no allegation of fraud in the execution of the guaranty, but simply seeks to employ his own negligence in signing the guaranty in his personal capacity to shield himself from the liability it imposes. There is no evidence supporting Wood's contention that Farm Plan inadvertently included the guaranty in the enrollment materials resulting in a mutual mistake. Rather, the record supports the trial court's conclusion that if Wood inadvertently executed the guaranty, it was the result of his unilateral mistake. Wood's unilateral mistake cannot, absent evidence of fraud, limit his liability under the guaranty. Campco, at paragraph two of the syllabus ("[a] unilateral mistake *Page 13 
by a guarantor as to the nature of his obligation may not relieve him from his guaranty contract").
 {¶ 61} Nor is Wood's contention that he signed the guaranty in a representative capacity supported by the record. Wood's signature appears on the guaranty without any limitation as to his personal liability under the guaranty. Wood not only signed the guaranty but also filled out other sections of the form, noting River Valley as the debtor. And, under his signature is plainly noted, "Signature of Guarantor."
 {¶ 62} Although the trial court ended its analysis at this point, holding Wood liable under the guaranty, the majority finds reversible error assuming that the trial court considered, and determined, that consideration for the guaranty exists. The majority concludes that the guaranty is unenforceable because it is not supported by sufficient consideration. While the majority correctly asserts that "an extension of credit provides sufficient consideration to support [the creation of a contract]," Barclays American, 61 Ohio App. 3d at 706, the majority concludes that the guaranty in the present case is not supported by consideration separate from the credit extended under the merchant agreement. Citing Witt's testimony that the guaranty was optional and that the contract would have been formed had the guaranty not been executed, the majority concludes that the guaranty requires additional consideration to be valid and enforceable. I disagree that such consideration was necessary to support the guaranty in the present case.
 {¶ 63} The credibility of Witt's assertion that the contract would have been formed absent the guaranty is called into question by Dahd's testimony that Witt had no authority to approve the merchant agreement, and that whether the agreement would have been accepted absent the guaranty is questionable. In any case, as the majority finds, the trial court, albeit implicitly, weighed this evidence and determined that the extension of credit was sufficient consideration to support the entire merchant agreement, including the guaranty. *Page 14 
 {¶ 64} While the majority may weigh the evidence differently, it was the trial court's role as the finder of fact to weigh this evidence.Outback/Buckeye-II, Ltd. Partnership v. Lofino Grandchildren'sTrust, Greene App. No. 06-CA-2 and 06-CA-44, 2007-Ohio-577, ¶ 53, citingJoel Lehmkuhl Excavating v. City of Troy, Miami App. No. 2004-CA-31,2005-Ohio-2019, ¶ 29. While this court reviews the trial court's legal interpretation of contracts de novo, we must still defer to the trial court's credibility determinations and resolution of conflicting evidence. Id. Consequently, this court is compelled to give deference to the trial court's factual findings, if competent evidence exists to support the findings. Id.; Myers v. Garson, 66 Ohio St.3d 610, 615-616,1993-Ohio-9.
 {¶ 65} In support of its contention, the majority first finds that the trial court improperly relied on Campco. The majority concludes thatCampco is distinguishable because the guaranty at issue in that case was "essential" to the contract, and because the guarantors had a 30 percent ownership interest in the lessor company. The majority asserts that these facts led the Campco court to conclude that the guaranty was supported by sufficient consideration.
 {¶ 66} Notably, Campco did not address the issue of consideration, but was instead, as relevant to the instant case, decided on the doctrine of unilateral mistake. The Campco court does note that execution of the guaranty was a "prerequisite" to the contract, and further notes the ownership interest. However, it provides no further discussion of whether these facts obviate the necessity for additional consideration. While an ownership interest, as noted in Campco, may appeal to a general sense of fairness when holding a guarantor liable, it is not dispositive of whether the execution of the guaranty is valid and enforceable.
 {¶ 67} For example, in Hughes, next cited by the majority, a clerical worker was found to be liable under a personal guaranty she executed, in spite of having no ownership interest. Again, the appellate court provided no discussion of the necessity of consideration to support *Page 15 
the guaranty, but rather, citing Campco, found that the clerical worker's unilateral mistake in executing the guaranty did not void the guaranty obligations. The court was "troubled as to why a reputable company * * * would enforce personal guaranties made by mere office personnel rather than requiring guaranties from corporate officers." In spite of finding "[t]he harsh result" of the case "particularly unfortunate," the court adhered to well-established contract principles in holding the worker liable under the guaranty.
 {¶ 68} In contrast, the majority in the present case places emphasis on the fact that the guaranty may not have been an "essential" part of the contract, necessitating additional consideration. Regardless, the fact remains that the contract was executed, including the guaranty signed by Wood personally. The fact that Wood or River Valley could have negotiated a contract with Farm Plan that excluded the guaranty, but did not, does not render the guaranty invalid or unenforceable for want of consideration, as the majority asserts. Campco and Hughes do not support the majority's proposition that additional consideration is required to enforce a guaranty where a more skilled negotiator to a contract may be willing to cede certain contract terms, but ultimately does not have to, before reaching an agreement.
 {¶ 69} To the contrary, "consideration which supports the underlying agreement is sufficient to bind the guarantor." Medina Supply Co. v.Corrado (1996), 116 Ohio App.3d 847, 853. "The consideration running from the creditor to the debtor is deemed sufficient to support the surety's promise to make the debt good." Id., quoting Solon FamilyPhysicians, Inc. v. Buckles (1994), 96 Ohio App.3d 460, 464. "The obligation of the surety rests upon a consideration as adequate as that of the principal; for, though he receive no pecuniary or other benefit for his undertaking, credit is extended to the principal, and advantages are obtained by him, upon the faith of the surety's engagement." Id., quoting Neininger v. State (1893), 50 Ohio St. 394, 400-401. "This proposition has been the law of this state for over a century." Id. *Page 16 
 {¶ 70} Upon review of the record, I conclude that competent credible evidence supports the trial court's conclusion that Farm Plan's extension of substantial credit was sufficient consideration to support the formation of the entire merchant agreement, including the guaranty. The record further supports the trial court's conclusion that Wood made a unilateral mistake in executing the guaranty in his personal capacity. Wood's unilateral mistake does not relieve him of his contractual obligations under the guaranty.
 {¶ 71} For these reasons, I would overrule Wood's first assignment of error. I would consequently reach the merits of Wood's second assignment of error, overrule it, and affirm the trial court's decision. *Page 1