[Cite as *1215 Superior, L.L.C. v. Berger*, 2025-Ohio-645.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

1215 SUPERIOR, LLC,                    :

    Plaintiff-Appellee,              :

    v.                                      :

No. 113882

JACOB BERGER,                          :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 27, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-977211

---

### *Appearances:*

Benesch, Friedlander, Coplan & Arnoff LLP, Andrew G. Fiorella, and Vincent J. Michalec, *for appellee.*

Singerman, Mills, Desberg & Kauntz Co., L.P.A., and Christopher O'Connell, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Jacob Berger ("Berger"), brings this appeal challenging the trial court's grant of summary judgment in favor of 1215 Superior, LLC ("Lender") premised upon a breach of a guaranty agreement and several

subsequent forbearance agreements.  After a thorough review of the law and record, this court affirms.

## I. Factual History

{¶ 2}    Lender was the former owner of a commercial property located at 1215 Superior Avenue in Cleveland, Ohio.  On November 7, 2019, 1215 Superior entered into a contract with Hampton Realties, LLC to sell the property.  Part of this transaction included Lender making two loans to two different entities, 1215 Superior Holdings LLC and Superior GP Holdings.  These loans were reduced to writing in the form of a subordinated promissory note with a principal of $1,000,000 ("Loan A") and a promissory note with a principal of $250,000 and interest ("Loan B") (collectively, "the Loans").  Each of the Loans was set to mature in March 2021.

{¶ 3}    The day after the Loans were executed, Berger executed a document titled "Unconditional Guaranty of Payment and Performance" ("the Guaranty").  In this document, Berger "unconditionally and absolutely guarantee[d] to Lender, the full and prompt payment of any and all of [both borrowers of the Loan's] liabilities, obligations and debts to Lender in respect of the Loans . . . ." The Guaranty provided that if the Loans were not paid, the Loans "shall become the direct and primary indebtedness and obligation of" Berger "as if [he] was the maker or principal obligor under the Loan Documents."

{¶ 4} The Guaranty also provided that Berger was responsible for all costs and expenses, including attorney fees incurred by Lender in enforcing, modifying or amending, or prosecuting any actions or proceedings arising out of the Guaranty.

{¶ 5} In March 2021, when the Loans were set to mature, neither of the borrowers nor Berger had paid Lender.

{¶ 6} In June 2021, Lender and Berger entered into a forbearance agreement where Lender agreed that it would not exercise its rights and remedies under the Guaranty until September 30, 2021. Pertinently, the forbearance agreement that Berger signed indicated that (1) the Loans are valid, binding, and enforceable obligations; (2) the outstanding balance on the Loans owed to Lender totaled $1,395,685.02; (3) Berger is obligated to pay all outstanding amounts pursuant to the terms of the Guaranty; and (4) Berger has "no defenses, counterclaims, rights of setoff, or rights of recoupment" with respect to the amount owed to Lender. Berger once again agreed to pay all legal fees, costs, and expenses associated with the forbearance agreement.

{¶ 7} By September 30, 2021, Lender had not received payment. In November 2021, Lender and Berger entered into a first amended forbearance agreement. In the first amended agreement, Lender again agreed not to exercise its rights and remedies under the Guaranty until March 31, 2022. The agreement that Berger signed indicated that (1) he was in default of his obligations under the Loans, (2) the outstanding balance due to Lender was $1,487,043.87, (3) he would pay Lender the total principal and accrued and unpaid interest with respect to Loan B.

{¶ 8} In February 2022, Berger tendered a lump sum payment of $250,579.93, which paid off Loan B's principal and interest per the terms of the second amended forbearance agreement. Berger also made several more partial payments throughout 2022. However, the entirety of the debt was not paid by March 31, 2022, as agreed, and Berger remained in default of the Guaranty and first amended forbearance agreement.

{¶ 9} The parties entered into a second amended forbearance agreement, extending Berger's time to pay until December 31, 2022. This agreement, that Berger signed, provided that (1) the original borrowers continued to be in default of its obligations under the Loans, and (2) that Berger was now in default of his obligations under the Guaranty, the forbearance agreement, and the first amended forbearance agreement. The agreement further provided that the outstanding balance of Loan A was $1,258,517.92 and the outstanding balance of Loan B was $147,869.84, and provided for lower interest rates that would be rendered null and void should Berger not pay them before December 31, 2022.

{¶ 10} By December 31, 2022, however, Berger still had not paid all amounts due with respect to Loan A.

{¶ 11} On March 28, 2023, Lender filed the underlying case, naming Berger as the sole defendant, alleging breach of the Guaranty and forbearance agreements.

## II. Procedural History

{¶ 12} Lender's complaint named Berger as the sole defendant and asserted claims for default of the Guaranty and forbearance agreements.

{¶ 13} Berger appeared and answered. Lender filed its motion for summary judgment that the court granted and subsequently ordered the parties to brief the issues surrounding attorney fees. After the court granted Lender's motion for attorney fees, Berger timely filed the instant appeal.

{¶ 14} While the appeal was pending, the parties stipulated that the trial court made a clerical mistake and inadvertently granted interest on the judgment twice. This court then issued a limited remand order for the trial court to issue a corrected judgment entry on the matter. Based on this journal entry and the previous award of attorney fees, the total judgment included: $1,091,479 due Lenders for the outstanding principal, $419,226.93 due Lenders for the total interest due, $36,211.50 due Lenders for its reasonable attorney fees, and $441.75 for reasonable litigation expenses.

### III. Law and Analysis

{¶ 15} In his sole assignment of error, Berger contests the trial court's grant of summary judgment.

{¶ 16} On appeal, summary judgment motions are reviewed de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). The standard under Civ.R. 56 sets forth that summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving

party. The party moving for summary judgment bears this burden and must set forth specific facts that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). When responding to a motion for summary judgment, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E).

{¶ 17} The sole basis for Berger's assigned error is that the Guaranty was not supported by consideration, which would render the contract not legally binding on the parties.

{¶ 18} A contract includes the following elements: "an offer, an acceptance, contractual capacity, consideration (the bargained-for legal benefit or detriment), a manifestation of mutual assent, and legality of object and of consideration." *Lake Land Emp. Group of Akron, LLC v. Columber*, 2004-Ohio-786, ¶ 14. Unless supported by consideration, a contract is not binding. *Id.* at ¶ 16, citing *Judy v. Louderman*, 48 Ohio St. 562 (1891), paragraph two of the syllabus. Consideration "may consist of either a detriment to the promisee or a benefit to the promisor." *Id.,* citing *Irwin v. Lombard Univ.*, 56 Ohio St. 9, 19 (1897). "A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss, or responsibility given, suffered, or undertaken by the promise." *Id.,* citing *Irwin* at 20.

{¶ 19} Berger argues that "to have a valid guaranty, there must be sufficient consideration provided to the purported guarantor – i.e., Mr. Berger." This contention is unsupported by Ohio law.

{¶ 20} "In the case of a guaranty . . . the benefit of the consideration need not accrue to the promisor." *FPC Fin. v. Wood*, 2007-Ohio-1098, ¶ 11 (12th Dist.), citing Restatement of Law 2d, Contracts, § 71(4) (1981). "'The performance or return promise may be given to the promisor or to some other person. It may be given by the promisee or by some other person. It matters not from whom the consideration moves or to whom it goes. If it is bargained for and given in exchange for the promise, the promise is not gratuitous.'" *Wood* at *id.*, citing Restatement of Law 2d at *id.*

{¶ 21} Berger relies heavily on *Wood* for the proposition that since he purportedly has no ownership interest in the entities that borrowed Loan A and Loan B, the Guaranty was not supported by consideration. The *Wood* Court held that the at-issue personal guaranty was not supported by consideration. *Id.* at ¶ 41. However, *Wood* presents an entirely distinguishable scenario wherein the court examined several factors in making this determination, including whether the guaranty was essential to the underlying agreement and that the evidence demonstrated that the agreement was not bargained for or negotiated. *Id.* at ¶ 49. Wood's lack of ownership interest in the company to which credit was being extended was only one of many factors that the *Wood* Court considered.

{¶ 22} Here, Berger's contention that his ownership, or lack thereof, in the underlying borrowers of the Loans impacts the consideration in this matter is without merit. Ohio law provides that "'consideration which supports the underlying agreement is sufficient to bind the guarantor. "The consideration

running from the creditor to the debtor is deemed sufficient to support the surety's promise to make the debt good.'"" *McInnis v. Spin Cycle-Euclid, LLC*, 2009-Ohio-2370, ¶ 16 (8th Dist.), quoting *Solon Family Physicians, Inc. v. Buckles*, 96 Ohio App.3d 460, 464 (8th Dist. 1994), quoting *United States v. Tilleraas*, 709 F.2d 1088, 1091 (6th Cir. 1983). "'The obligation of the surety rests upon a consideration as adequate as that of the principal; for, though he received no pecuniary or other benefit for his undertaking, credit is extended to the principal, and advantages are obtained by him, upon the faith of the surety's engagement.'" *McInnis* at *id.*, quoting *Medina Supply Co. v. Corrado*, 116 Ohio App.3d 847, 853 (8th Dist. 1996).

{¶ 23} Here, Berger's guaranty of the Loans constituted consideration, even if the benefit was not conferred upon Berger. His ownership or lack thereof need not be considered to find that the Guaranty was supported by consideration. Since Berger does challenge any other aspect of the trial court's decision granting summary judgment in favor of Lender, we overrule Berger's sole assignment of error.

{¶ 24} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27

of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

EILEEN A. GALLAGHER, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR