This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Tobias Edinger, appeals from the decision of the Summit County Court of Common Pleas, denying his motion for relief from judgment, pursuant to Civ.R. 60(B). We affirm.
On September 13, 2000, Medina Supply Company, Inc. ("Medina Supply") filed a complaint in the Summit County Court of Common Pleas, naming Dig It Foundations, Ltd. ("Dig It") and Mr. Edinger as defendants. Medina Supply and defendants had entered into a contract whereby Medina Supply agreed to furnish construction materials to Dig It and defendants agreed to pay for such materials. According to the complaint, Medina Supply performed its obligations under the contract; however, defendants refused to pay for the materials. Medina Supply alleged that defendants owed $179,093.73 on the contract, and therefore, sought to recover that amount in damages plus interest.
Medina Supply first attempted service of the summons and complaint by certified mail; however, the certified mail service was unclaimed as to both defendants. Accordingly, pursuant to Medina Supply's requests, the clerk of courts sent copies of the summons and complaint by ordinary mail to both Mr. Edinger and Dig It. See Civ.R. 4.6(D). Service was perfected as to Dig It on October 20, 2000 and perfected as to Mr. Edinger on October 25, 2000. Dig It did not file an answer, but, on November 2, 2000, Dig It filed a "NOTICE OF FILING OF CHAPTER 7 BANKRUPTCY INVOKING AUTOMATIC STAY[.]" Thus, the proceedings were stayed as to Dig It.
Mr. Edinger had until November 22, 2000 to file an answer to the complaint. He did not do so. Consequently, on November 29, 2000, Medina Supply moved for default judgment, pursuant to Civ.R. 55. Medina Supply did not serve the motion on either Dig It or Mr. Edinger. On December 18, 2000, the trial court entered default judgment against Mr. Edinger in the amount of $179,093.73, plus interest at a rate of eighteen percent per annum as of March 31, 2000. On May 4, 2001, Mr. Edinger moved for relief from the default judgment, pursuant to Civ.R. 60(B), claiming that Medina Supply failed to give the defendants notice of the default judgment motion and that Medina Supply needed to attempt to recover the amount owed from Dig It before attempting to collect such sum from him, as he was a conditional guarantor. Medina Supply responded in opposition. On July 6, 2001, the trial court denied the Civ.R. 60(B) motion. This appeal followed.
Mr. Edinger asserts three assignments of error for review. We will discuss them together to facilitate review.
 First Assignment of Error THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING APPELLEE'S MOTION FOR DEFAULT JUDGMENT WHEN APPELLEE FAILED TO SERVE APPELLANT OR HIS COUNSEL.
 Second Assignment of Error THE TRIAL COURT ERRED AS A MATTER OF LAW BY PERMITTING APPELLEE TO EXECUTE JUDGMENT AGAINST THE CONDITIONAL GUARANTOR BEFORE MAKING ANY ATTEMPT TO COLLECT FROM THE PRINCIPAL GUARANTOR.
 Third Assignment of Error THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING APPELLANT'S MOTION TO [sic.] RELIEF FROM JUDGMENT.
In his assignments of error, Mr. Edinger avers that the trial court abused its discretion in denying his Civ.R. 60(B) motion for relief from judgment because he timely filed his Civ.R. 60(B) motion, set forth two meritorious defenses, and was entitled to relief under Civ.R. 60(B)(3) and (5). We disagree.
An appellate court reviews a trial court's denial of a Civ.R. 60(B) motion for relief from judgment under an abuse of discretion standard.Strack v. Pelton (1994), 70 Ohio St.3d 172, 174. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following:
 (1) the party has a meritorious defense or claim to present if relief is granted;
 (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and
 (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. If any of these three requirements is not satisfied, the trial court should deny the motion. Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 20.
Assuming, without deciding, that Mr. Edinger's Civ.R. 60(B) motion was timely and that he would be entitled to relief under one of the grounds stated in either Civ.R. 60(B)(3) or (5), we nevertheless find that Mr. Edinger failed to demonstrate a meritorious defense or claim to present if such relief was granted. In the present case, Mr. Edinger avers that he set forth two meritorious defenses: 1) Medina Supply failed to serve him with notice of the motion for default judgment, in contravention of Civ.R. 55(A), and 2) Medina Supply was required to first attempt collection from the principal guarantor, Dig It, before attempting to collect from him, as he was only a conditional guarantor of the contract. These arguments lack merit.
 Mr. Edinger's Civ.R. 55(A) Notice Claim
First, Mr. Edinger avers that he was entitled to notice of the motion for default judgment pursuant to Civ.R. 55(A), as he had made an appearance in the case. Mr. Edinger, therefore, contends that he set forth a meritorious defense justifying relief from judgment under Civ.R. 60(B). We disagree.
"Default judgment may be awarded when a defendant fails to make an appearance by filing an answer or otherwise defending an action." Davisv. Immediate Med. Serv., Inc. (1997), 80 Ohio St.3d 10, 14, citing Civ.R. 55(A). The proper procedure for holding a party in default is set forth in Civ.R. 55(A), which provides, in relevant part, that "[i]f the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." (Emphasis added.) Therefore, in order to be entitled to service with written notice under Civ.R. 55(A), the party against whom default judgment is sought must have "appeared" in the action. Ohio Valley Radiology Assoc., Inc. v. OhioValley Hosp. Assn. (1986), 28 Ohio St.3d 118, 120. "`An appearance is ordinarily made when a party comes into court by some overt act of that party that submits a presentation to the court.'" Cunningham v. Nagelski
(Sept. 29, 1999), Medina App. No. 2950-M, unreported, at 3, quotingAlliance Group, Inc. v. Rosenfield (1996), 115 Ohio App.3d 380, 390. Further, a party must clearly express an intention and purpose to defend the suit in order to make an appearance within the meaning of Civ.R. 55(A). Hyway Logistics Serv., Inc. v. Ashcraft (Feb. 2, 2000), Hancock App. No. 5-99-40, unreported, 2000 Ohio App. LEXIS 270, at *7.
In the present case, Mr. Edinger argues that he made an appearance when Dig It filed its Notice of Filing of Chapter 7 Bankruptcy Invoking an Automatic Stay because, under his counsel's, Attorney DeVito's, signature and address is the phrase "Counsel for Defendants[.]" To further this argument, Mr. Edinger points out that the notice of bankruptcy caused Attorney DeVito to be listed as counsel for Mr. Edinger on the trial court's docket sheet. These acts, however, were insufficient to constitute an appearance within the meaning of Civ.R. 55(A) under the circumstances of this case, as Mr. Edinger never expressed any intention to defend the suit. Significantly, despite being served with the complaint and summons, Mr. Edinger did not file an answer to the complaint, move for an extension of time to respond to the complaint, or otherwise do anything on his behalf in the trial court, prior to the default judgment. Moreover, Mr. Edinger does not contend that he informally communicated with Medina Supply, expressing an intention to defend the suit. Based on the foregoing, we hold that Mr. Edinger failed to make an appearance in the action, and thus, was not entitled to notice of the motion for default judgment under Civ.R. 55(A). Consequently, we find that the trial court did not abuse its discretion in determining that Mr. Edinger had failed to set forth a meritorious defense, as to his Civ.R. 55(A) notice claim.[1]
 Conditional Guarantor Claim
Mr. Edinger argues that he set forth a meritorious defense in that Medina Supply was required to first attempt collection from the principal debtor, Dig It, before attempting to collect from him, because he was a conditional guarantor. We disagree.
"[A] creditor need not proceed against a principal debtor before pursuing a guarantor who has given an absolute guaranty; however, the guarantor is only liable on the absolute guaranty upon the default of the primary debtor." Mihalca v. Malita (Apr. 12, 2000), Summit App. No. 19395, unreported, at 8. An absolute guaranty is one which is not dependant upon any condition or contingency other than the default of the debtor. Norris v. D.D. Fashions, Inc. (Apr. 3, 1991), Summit App. No. 14843, unreported, at 5, citing Eden Realty Co. v. Weather-Seal, Inc. (1957), 102 Ohio App. 219, 221-22. A conditional guaranty, on the other hand, is a guaranty which is dependent upon some condition or contingency in the contract, other than the default of the debtor. Clay v. Edgerton
(1869), 19 Ohio St. 549, 553-54; Schottenstein v. Byers (Oct. 7, 1975), Franklin App. No. 75AP-10, unreported, 1975 Ohio App. LEXIS 8507, at *5-6.
In the case sub judice, Mr. Edinger personally signed the original agreement, which extended credit to Dig It. The original agreement contained the following language:
 THE UNDERSIGNED FURTHER AGREES THAT NOTWITHSTANDING THE FACT THAT THIS APPLICATION HAS BEEN EXECUTED IN A CORPORATE OR REPRESENTATIVE CAPACITY, EACH SIGNER HEREOF BY SUCH SIGNATURE HEREBY ASSUME[S] RESPONSIBILITY FOR PAYMENT TO MEDINA SUPPLY CO. * * * OF ALL AMOUNTS DUE PURSUANT TO SUCH EXTENSION OF CREDIT * * * SAID PERSONAL AND INDIVIDUAL RESPONSIBILITY BEING GIVEN IN CONSIDERATION OF THE EXTENSION OF CREDIT BY MEDINA SUPPLY CO. TO THE APPLICANT. IN THE EVENT OF A DEFAULT IN PAYMENT * * * AND NOTWITHSTANDING THE FACT THAT THIS APPLICATION HAS BEEN EXECUTED IN A CORPORATE OR REPRESENTATIVE CAPACITY, EACH SIGNER HEREOF BY SUCH SIGNATURE HEREBY PERSONALLY GUARANTEES PAYMENT TO MEDINA SUPPLY CO. * * * ALL PRESENT AND FUTURE BALANCES OF ACCOUNT DUE FROM THE SAID APPLICANT, AND FURTHER THE UNDERSIGNED AGREES TO BE RESPONSIBLE FOR ANY COSTS INCURRED IN CONNECTION WITH ANY PROCEEDINGS FOR THE COLLECTION THEREOF, INCLUDING REASONABLE ATTORNEY FEES. APPLICANT AND ANY SIGNER HEREOF NOTWITHSTANDING THE FACT THAT THIS APPLICATION HAS BEEN EXECUTED IN A CORPORATE OR REPRESENTATIVE CAPACITY HEREBY AGREES TO PAY THE FULL AMOUNT OF SAID PURCHASES BY THE 10TH OF THE MONTH FOLLOWING DELIVERY. PURCHASES NOT PAID BY THE 10TH OF THE MONTH FOLLOWING DELIVERY ARE SUBJECT TO A FINANCE CHARGE OF ONE AND ONE-HALF PERCENT (1 1/2% MONTHLY) (18% ANNUALLY) ON THE UNPAID BALANCE.
The trial court rejected Mr. Edinger's assertion that he was a conditional guarantor, holding that the credit agreement clearly and unambiguously provided that the signatory, Mr. Edinger, was responsible for payment in the event of a default by Dig It. We agree. Clearly, Medina Supply only consented to extend credit to Dig It if Mr. Edinger was personally and individually responsible for all amounts due pursuant to the credit extended to Dig It under the contract.[2] See, generally, Medina Supply Co. v. Corrado (1996), 116 Ohio App.3d 847,853. The contract further provided that both Mr. Edinger and Dig It agreed to pay the full amount of the purchases by the tenth of the month following delivery. Such a guaranty was absolute. See Buckeye Fed. S. L. Assn. v. The Olentangy Motel (Aug. 22, 1991), Franklin App. No. 90AP-1409, unreported, 1991 Ohio App. LEXIS 4048, at *6 (stating that "[a] guaranty of payment of an obligation * * * is considered to be an absolute or unconditional guaranty"). Therefore, Medina Supply was not required to first proceed against the principal debtor, Dig It, before attempting to collect from Mr. Edinger. See Mihalca, supra. Consequently, we conclude that the trial court did not abuse its discretion in determining that Mr. Edinger had failed to set forth a meritorious defense as to his conditional guarantor claim.
 Conclusion
As previously discussed, before the Civ.R. 60(B) motion could be granted, Mr. Edinger was required to demonstrate that he had a meritorious defense to present should relief from the default judgment be granted. See Rose Chevrolet, Inc., 36 Ohio St.3d at 20. Here, Mr. Edinger has failed to make such a showing. Accordingly, we conclude that the trial court did not abuse its discretion in denying Mr. Edinger's motion for relief from judgment, pursuant to Civ.R. 60(B). Mr. Edinger's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
SLABY, P.J., CARR, J. CONCUR.
[1] Mr. Edinger avers that, because Medina Supply failed to serve Dig It with notice of the default judgment motion, pursuant to Civ.R. 5(A) and (B), the Civ.R. 60(B) motion should have been granted. Assuming, without deciding, that Dig It was entitled to such notice, we nevertheless find that Mr. Edinger lacks standing to raise such an argument. See, generally, Portsmouth v. McGraw (1986), 21 Ohio St.3d 117,121-22. Accordingly, we decline to address it.
[2] Mr. Edinger does not aver that Dig It, the principal debtor, did not default on the loan.