JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calender pursuant to App. R. 11.1 and Loc. R. 11.1.
 {¶ 2} Defendants-appellants, Andrew Goldstein, n.k.a. Andrew Barteling, and Monique Barteling (together the "Bartelings"), appeal the trial court's denial of their motions to vacate cognovit judgment and to void the judgment lien, for leave to file an answer, and their request for a hearing. Finding no merit to the appeal, we affirm.
 {¶ 3} In 1998, Sky Bank, successor-by-merger to Metropolitan ("Sky Bank"), extended a commercial real estate loan, secured by a cognovit note, signed by the Bartelings. That note is secured by a mortgage and security agreement signed by the Bartelings. The mortgage encumbers real property in Cleveland that the Bartelings subsequently quitclaimed to Davidson, a limited liability company of which they are members. Sky Bank assigned the cognovit note and the mortgage to Federal National Mortgage Associate ("FNMA").
 {¶ 4} According to FNMA, the Bartelings failed to satisfy the terms of the cognovit note in the summer of 2003. The Bartelings contend that they reached an agreement with Sky Bank that their obligations under the cognovit note would be brought current and that Sky Bank would waive all other fees, late charges, and default interest if Davidson met three conditions: (1) paid $19,193.48 before July 25, 2003; (2) submitted a current rent roll; and (3) submitted an operating statement/profit 
loss report. Nevertheless, FNMA commenced a foreclosure action with respect to the mortgage. FNMA filed a motion for summary judgment in that case, which the trial court denied.
 {¶ 5} In June 2005, FNMA obtained a cognovit judgment against the Bartelings and filed a certificate of judgment lien in Cuyahoga County. The clerk of courts sent notices to the Bartelings, which were returned as unclaimed.
 {¶ 6} Because the judgment lien attached to all of the Bartelings' property, FNMA filed a motion to intervene in a separate foreclosure action commenced by Dollar Bank against the Bartelings. The trial court granted FNMA's motion to intervene in July 2005.
 {¶ 7} On December 14, 2005, nearly six months after the trial court issued judgment on the cognovit note, the Bartelings filed a motion to vacate the judgment and to void the judgment lien. The trial court denied the Bartelings' motion, without opinion.
 {¶ 8} The Bartelings appeal, raising one assignment of error.
 Motion for Relief from Judgment {¶ 9} The Bartelings argue that the trial court erred in denying, without a hearing, their motion to vacate the cognovit judgment and void the judgment lien, because their motion was timely filed and they demonstrated that they have a meritorious defense.
 {¶ 10} The decision to grant or deny a motion for relief from judgment pursuant to Civ. R. 60(B) is a matter within the trial court's discretion, and an appellate court will not reverse the trial court's ruling absent an abuse of that discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77, 514 N.E.2d 1122. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable.Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578, 581,607 N.E.2d 914.
 {¶ 11} To prevail on a Civ. R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1)through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after judgment.GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 12} However, where the judgment sought to be vacated is a cognovit judgment, the party filing a 60(B) motion has a lesser burden. Because the defendants have never had a chance to be heard in cognovit proceedings, they should be given their day in court. In such a case, the movant need only demonstrate that the motion was timely made and that the movant has a meritorious defense. See Medina Supply Co. v.Corrado (1996), 116 Ohio App.3d 847, 850-851, 689 N.E.2d 600;Davidson v. Hayes (1990), 69 Ohio App.3d 28, 590 N.E.2d 18; SocietyNatl. Bank v. Val Halla Athletic Club Recreation Ctr, Inc. (1989),63 Ohio App.3d 413, 579 N.E.2d 234.
 {¶ 13} Whether a Civ. R. 60(B) motion is considered to be filed within a reasonable time depends upon the facts and circumstances of each case.Middletown v. Campbell (1984), 21 Ohio App.3d 63, 65, 486 N.E.2d 208, citing, Colley v. Bazell (1980), 64 Ohio St.2d 243, 249-250,416 N.E.2d 605; Cautela Bros. v. McFadden (1972), 32 Ohio App.2d 329,291 N.E.2d 539. This court, however, has consistently found delays of more than two months unreasonable under Civ. R. 60(B). For example, in Larson v.Umoh (1986), 33 Ohio App.3d 14, 17, 514 N.E.2d 145, this court held that:
 "[A]n unjustified four-month delay necessarily precludes relief from a money judgment. Mount Olive Baptist Church v. Pipkins Paints (1979), 64 Ohio App.2d 285, 289, 413 N.E.2d 850. It has even been held that an unjustified delay for two and one-half months is unreasonable as a matter of law. Zerovnik v. E.F. Hutton Co. (June 7, 1984), Cuyahoga App. No. 47460. Further, we affirmed the denial of relief from a money judgment when the movant failed to justify his fifty-one-day delay in seeking that relief. Riley v. Heritage Mut. Ins. Co. (Sept. 25, 1986), 1986 Ohio App. LEXIS 8410, Cuyahoga App. No. 50972. See, also, Natl. City Bank v. Hostelley (July 3, 1991), 1991 Ohio App. LEXIS 3292, Cuyahoga App. No. 58554."
 {¶ 14} Regardless of whether the Bartelings have asserted a meritorious defense against the cognovit judgment, we find that they have failed to demonstrate that their motion for relief from judgment was timely filed. In the instant case, notices of the cognovit judgment were sent to the Bartelings on June 28, 2005, but they waited until December 14, 2005 to file their Civ. R. 60(B) motion. Nevertheless, the Bartelings argued, in their motion, that they filed their motion in a reasonable time because they were never served with copies of the notice. Although the notices of judgment were returned as unclaimed, they were sent to the addresses recorded in the cognovit judgment. The Bartelings offered no other reason to explain the delay and provided no authority to support the reasonableness of the delay.
 {¶ 15} Moreover, on June 24, 2005, FNMA filed a motion to intervene in Dollar Bank's foreclosure action against the Bartelings. That motion would have notified the Bartelings of the cognovit judgment. Because the Bartelings waited nearly six months to file their motion and failed to give a reason for the delay, we find that their motion for relief from judgment was not filed within a reasonable time.
 {¶ 16} Because the Bartelings have failed to demonstrate that their motion was timely filed, the trial court did not abuse its discretion by denying the motion. GTE, supra.
 {¶ 17} Our determination that the Bartelings failed to establish that they filed their motion to vacate in a timely manner, renders the issue of a meritorious defense to the cognovit judgment irrelevant. The Bartelings were required to show both timeliness and a meritorious defense. Medina Supply, supra.
 {¶ 18} Accordingly, the assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellants the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, JUDGE
FRANK D. CELEBREZZE, JR., P.J. and CHRISTINE T. McMONAGLE, J. CONCUR