JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Ohio Carpenters' Fringe Benefit Funds ("CFBF"), appeals the judgment of the Cuyahoga County Court of Common Pleas, granting relief from judgment and summary judgment to defendant-appellee, Roger Krulak. Having reviewed the record and the pertinent law, we affirm.
 {¶ 2} On June 4, 2002, the CFBF filed a complaint for cognovit judgment against Krulak. That same day, the trial court entered judgment against Krulak in the amount of $44,777.81, plus interest. The complaint alleged that on April 1, 1996, *Page 3 
Construction Source Inc. ("Construction Source") via its president, Krulak, executed a letter of agreement with the Northeast Ohio District Council United Brotherhood of Carpenters and Joiners of America, AFL-CIO. The complaint asserted that Construction Source agreed to comply with all the provisions of the collective bargaining agreement ("CBA").
 {¶ 3} The complaint also alleged that pursuant to the CBA, Construction Source agreed to make monthly contributions to the CFBF and deduct specific amounts from its employees' wages to fund their vacation savings plan and/or pay them work assessments. The complaint contended that Construction Source agreed that if it were delinquent in making the required monthly contributions and withholdings it would pay a delinquency assessment. The complaint further averred that Construction Source had failed to pay the required contributions, withholdings, and delinquency assessments.
 {¶ 4} The complaint additionally stated that on December 30, 1999, Krulak executed a promissory note with cognovit provision ("promissory note") in which he agreed to make eighteen monthly payments to the CFBF totaling $50,777.81 plus interest. The CFBF attached a copy of the promissory note to the complaint. The complaint asserted that Krulak had only made two payments of approximately $3,000 each.
 {¶ 5} Prior to signing the typed promissory note, Krulak made several handwritten changes: *Page 4 
 {¶ 6} On page one, Krulak crossed out the phrase, "hereby waives any personal liability protection afforded by Ohio incorporation law and," then he initialed this change.
 {¶ 7} On page three in the "Notices" section, he added the word "President" after, "If Addressed To Payor: Roger Krulak[.]"
 {¶ 8} On page three in the "Judgment by Confession" section, it states "[i]f Payor is in default on this note, * * * Payor agrees that the [CFBF] may file in the Court of Common Pleas, Cuyahoga County, State of Ohio, a request for judgment by confession against Roger Krulak * * *." After this sentence, he inserted the phrase "President of Construction Source Inc." and then wrote his initials.
 {¶ 9} On page four, he included the word "President" after his signature.
 {¶ 10} On page four, after his typed name, which is under his signature, he added the phrase "President Construction Source Inc."
 {¶ 11} On September 12, 2002, without an oral hearing, the trial court found that the judgment against Krulak was unpaid and ordered him to appear with certain documents, to testify regarding "the property of Judgment Debtor." Krulak appeared at his deposition and testified that he had met with Roger Newman, an employee of CFBF. Krulak said they discussed the delinquency in benefits owed to the CFBF.
 {¶ 12} Krulak also testified that he told Newman, "[he] would be more than happy to obligate Construction Source to pay this money if [it] continued to operate, *Page 5 
but that [he] wouldn't, under any circumstances, be personally liable for this amount of money." He agreed that the CFBF expected him to sign the promissory note in his personal capacity, but Krulak told Newman that he would not be personally liable. He further stated that he "went through the [promissory note] and crossed off all the references to personal liability and signed the document as president of Construction Source."
 {¶ 13} Newman testified at his deposition that he told Krulak that signing the promissory note would make him personally liable. Newman also explained when Krulak returned the promissory note to him, he looked at it and filed it, but did not realize that Krulak had crossed off all the references to a personal guarantee.
 {¶ 14} On September 25, 2002, Krulak filed a motion for relief from the June 4, 2002 and September 12, 2002 judgments, arguing that he was not personally liable for the promissory note because he signed it on behalf of Construction Source in his corporate capacity only.[1] The CFBF filed a brief in opposition and Krulak filed a reply brief attaching his affidavit, which swears in relevant part:
 {¶ 15} "* * *
 {¶ 16} "5. [He] reviewed the [promissory note] and made specific edits to reflect the fact that [he] was signing the [promissory note] `on behalf of Construction Source' and only in [his] corporate capacity as President. *Page 6 
 {¶ 17} "6. In order to make it clear that the [promissory note] was not against [him] personally, [he] specifically amended the [promissory [n]ote to delete the Waiver of Corporate Protection which is afforded to [him] pursuant to Ohio Corporation Law.
 {¶ 18} "7. [He] never agreed to be personally responsible for any debt associated with the [promissory note]."
 {¶ 19} The trial court granted Krulak's motion for relief from judgment, thereby relieving him of the June 4, 2002 and September 12, 2002 judgments. Several months later, the CFBF filed a motion for summary judgment arguing that Krulak was personally liable for the promissory note. On that same day, Krulak also filed a motion for summary judgment asserting that he is entitled to summary judgment as a matter of law because the note itself does not make him personally liable, but obligates Construction Source. Both parties filed reply briefs. On September 19, 2006, the trial court denied the CFBF's motion for summary judgment and granted summary judgment in favor of Krulak, which in effect ended the action since Construction Source was not a party to this action.
 {¶ 20} It is from this judgment that the CFBF appeals, raising two assignments of error, which we shall address in reverse order because the trial court first ruled on the motion for relief from judgment and then the motion for summary judgment:
 {¶ 21} "[2.] The trial court erred to plaintiffs-appellants' substantial prejudice by granting defendant's motion for relief from judgment. *Page 7 
 {¶ 22} "[1.] The trial court erred to plaintiffs-appellants' substantial prejudice by entering summary judgment for the defendant and dismissing plaintiffs' claim."
 {¶ 23} In its second assignment of error, the CFBF argues that the trial court erred when it granted Krulak's motion for relief from judgment because his motion was untimely, he failed to allege a meritorious defense, and he did not provide evidentiary support.
 {¶ 24} "A motion for relief from judgment under 60(B) is addressed to the sound discretion of the trial court, and that ruling will not be disturbed on appeal absent a showing of abuse of discretion."Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion is more than an error in judgment or a mistake of law, it connotes that the courts attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 25} In general, in order to prevail on a motion for relief from judgment, "the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc., v. Arc Industries,Inc., (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. *Page 8 
 {¶ 26} However, where the judgment sought to be vacated is for a cognovit judgment, the burden is reduced because the judgment was obtained without notice or an opportunity to answer the complaint.Gerold v. Bush, 6th Dist. No. E-07-013, 2007-Ohio-5885, at _16. The movant is entitled to relief if the motion was timely and the movant established a meritorious defense to the judgment. Wolf v. Cahill, 8th Dist. No. 88368, 2007-Ohio-638, at _ 16, citing Medina Supply Co. v.Corrado (1996), 116 Ohio App.3d 847, 850. When a motion for relief from judgment of a cognovit note is requested in a timely manner and alleges a meritorious defense, any doubt should be resolved in favor of setting aside the judgment so that the case may be decided on the merits.Waldman Fin. v. Digital Color Imaging, Inc., 9th Dist. No. 23101,2006-Ohio-4077, at _9, citing Bank One NA. v. SKRL Tool and DieInc., 11th Dist No. 2003-L-048, 2004-Ohio-2602, at _16.
 {¶ 27} Since Krulak sought to vacate a cognovit judgment, he only had to prove that his motion was filed within a reasonable time and that he established a meritorious defense to the judgment. First, we will address the CFBF's argument that Krulak's 60(B) motion was untimely. "Whether a 60(B) motion is considered to be filed in a reasonable time depends upon the facts and circumstances of each case." Fed. Nat'lMortg. Assoc. v. Goldstein, 8th Dist. No. 87743, 2006-Ohio-6769, at _13 citing Middletown v. Campbell (1984), 21 Ohio App.3d 63, 65. The trial court, *Page 9 
in the exercise of its sound discretion, is to determine what constitutes a "reasonable time." In re Watson (1983),13 Ohio App.3d 344, 346.
 {¶ 28} Krulak moved the trial court for relief from two judgments, approximately three and a half months and less than one month after the judgments were granted. Based upon the evidence presented, we cannot say that the motion was untimely.
 {¶ 29} Next, we shall address whether Krulak presented a meritorious defense. To satisfy the element of a meritorious defense, a movant must put forth an arguable position by which he or she could prevail on the claim should relief be granted. Moore v. Emmanuel Family TrainingCtr (1985), 18 Ohio St.3d 64, 67. The movant does not have to prove that he will actually prevail on that defense. Moore v. Emmanuel FamilyTraining Ctr (1985), 18 Ohio St.3d 64, 67.
 {¶ 30} Krulak raised the defense that he is not personally liable for the debt of Construction Source because he signed the promissory note as the president for Construction Source, not in his personal capacity. The evidence shows that Krulak wrote the word "President" after "If Addressed To Payor: Roger Krulak[.]" He added the phrase "President of Construction Soure Inc." after "[i]f Payor is in default on this note, * * * Payor agrees that the [CFBF] may file in the Court of Common Pleas, Cuyahoga County, State of Ohio, a request for judgment by confession against Roger Krulak * * *." He additionally wrote the word "President" after his signature and inserted the phrase "President Construction Source Inc." after his typed name, which was under his signature. *Page 10 
 {¶ 31} Ohio law is clear, that an individual who signs a note on behalf of the company is not liable for the corporate debt. SeeAungst v. Creque (1905), 72 Ohio St. 551. Therefore, Krulak set forth a defense by which he could prevail on the claim should relief be granted.
 {¶ 32} Lastly, we will address whether Krulak had to file supporting evidence with his motion. Civ.R. 60(B) does not specifically impose a requirement on the movant to file evidence in the form of affidavits, depositions, written admissions, written stipulations, answers to interrogatories, or other sworn testimony. East Ohio Gas Company v.Walker (1978), 59 Ohio App. 2d 216, 221. However, it may be necessary where the motion requires consideration of facts, which do not appear in the record. Id.
 {¶ 33} Krulak attached his affidavit to his reply brief. The promissory note was also included in the record at the time the trial court granted the motion for relief from judgment. Thus, the trial court had ample evidence to rule in favor of Krulak.
 {¶ 34} Therefore, we conclude that the trial court did not abuse its discretion when it granted Krulak's motion for relief from judgment, which relieved him of the June 4, 2002 and September 12, 2002 judgments. Thus, CFBF's assignment of error is overruled.
 {¶ 35} In its first assignment of error, the CFBF argues that the trial court erred when it granted summary judgment in favor of Krulak because he signed a personal guarantee note. In the alternative, the CFBF contends that Krulak's changes to the *Page 11 
promissory note created ambiguity and thus, a genuine issue of material fact exists as to whether the parties intended Krulak to be personally liable.
 {¶ 36} We review an appeal from summary judgment under a de novo standard. Baiko v. Mays (2000), 140 Ohio App.3d 1, 10. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.Northeast Ohio Apartment Assn. v. Cuyahoga Cty. Bd. of Commrs. (1997),121 Ohio App.3d 188, 192. Civ.R. 56(C) provides that before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel.Duganitz v. Ohio Adult Parole Auth. (1996), 77 Ohio St.3d 190, 191.
 {¶ 37} The moving party carries an initial burden of setting forth specific facts which demonstrate his or her entitlement to summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293. If the movant fails to meet this burden, summary judgment is not appropriate, but if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.
 {¶ 38} In Aungst, supra at 554, the Ohio Supreme Court stated: *Page 12 
 {¶ 39} "When a promissory note is signed by the proper officer of a corporation in the corporate name, and underneath the corporate name he signs his own name, affixing thereto his appropriate official title as an officer of said corporation, in the absence of anything in the body of the instrument requiring a different construction, such note will be construed and held to be the note of the corporation only, and not the note of the officer so signing, or the joint note of such officer and the corporation. * * * The corporate act of signing a promissory note, necessarily requires the hand of an agent, — it must be done by a natural person, — and where the proper officer of a corporation, acting as its agent, executes a promissory note by signing the name of the corporation, and underneath that his own name, to which he appends his official title, the instrument thus executed, on its face, raises the implication of corporate liability, and sufficiently shows the relation of the parties whose signatures appear thereto, to be that of principal and agent."
 {¶ 40} However, it is not absolute that the signature should assume this exact form. Id. at 554-555. Whether a note has been executed by a party in his individual or representative capacity, is a question to be determined from the consideration of the whole instrument. Id. at 555. If it plainly appears from the instrument itself that the true object and intent of its execution is to bind the principal and not the agent, courts will adopt that construction of it. Id.
 {¶ 41} Thus, contracts are to be interpreted to carry out the intent of the parties, which is evidenced by the contractual language.Aultman Hosp. Assn. v. *Page 13 Community Mutual Ins. Co. (1989), 46 Ohio St.3d 51, 53. If a contract is clear and unambiguous then its interpretation is a matter of law and there is no issue of fact to be determined." Inland Refuse Transfer Co.v. Browning-Ferris Industries of Ohio Inc. (1984), 15 Ohio St.3d 321,322. But if the contract language is capable of two interpretations, there is an issue of fact as to the parties intent. Id.
 {¶ 42} The CFBF argues that Krulak is personally liable for the promissory note because it designated him as the payor on behalf of Construction Source, the term payor is referenced separately from Construction Source, and the designated signature line is for Krulak individually. However, before Krulak signed the promissory note he made several handwritten changes to it, which included, crossing out the phrase, "hereby waives any personal liability protection afforded by Ohio incorporation law and[.]" He also added the word "President" after "If Addressed To Payor: Roger Krulak[.]" He inserted the phrase "President of Construction Soure Inc." after "[i]f Payor is in default on this note, * * * Payor agrees that the [CFBF] may file in the Court of Common Pleas, Cuyahoga County, State of Ohio, a request for judgment by confession against Roger Krulak * * *." He additionally wrote the word "President" after his signature and added the phrase "President Construction Source Inc." after his typed name, which was under his signature.
 {¶ 43} Further, Krulak testified that he made these specific changes to the promissory note to reflect that he was signing it on behalf of Construction Source. Krulak averred that his intent was not to be personally liable for the promissory note. *Page 14 
Newman said that he did not realize that Krulak had made the changes. However, Krulak stated that he informed Newman that he would obligate Construction Source for the promissory note, but not himself in his personal capacity.
 {¶ 44} After reviewing the promissory note in its entirety, as changed by Krulak, we cannot conclude that the explicit language of the promissory note or the intent of both parties was to hold Krulak personally liable. Moreover, we cannot determine that the promissory note is ambiguous. The reasonable construction of the promissory note is that Krulak did not execute a personal guarantee. Thus, there is no genuine issue of material fact as to whether Krulak is personally liable for the promissory note. Therefore, the CFBF's assignment of error is overruled.
 {¶ 45} Accordingly, the judgment of the Cuyahoga County Court of Common Pleas is affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY JANE BOYLE, JUDGE KENNETH A. ROCCO, P.J., and *Page 15 
MARY EILEEN KILBANE, J., CONCUR
[1] On June 4, 2002, the trial court entered the cognovit judgment against Krulak. On September 12, 2002, the trial court found that the judgment was unpaid. *Page 1