[Cite as *Park View Fed. Savs. Bank v. Village Builders Ltd.*, 2013-Ohio-2994.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98554, 98555, and 98556**

## PARK VIEW FEDERAL SAVINGS BANK

PLAINTIFF-APPELLEE

vs.

## VILLAGE BUILDERS LTD., ET AL.

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-771339, CV-771341, and CV-771343

**BEFORE:**    Blackmon, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:**        July 11, 2013

**ATTORNEY FOR APPELLANTS**

Daniel F. Lindner
The Lindner Law Firm, L.L.C.
2077 East 4th Street, 2nd Floor
Cleveland, Ohio 44115


**ATTORNEYS FOR APPELLEE**

Alan B. Dailide
Meyers, Roman, Friedberg & Lewis
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122

Scott N. Opincar
Richard W. Cline
McDonald Hopkins, L.L.C.
600 Superior Avenue, E., Suite 2100
Cleveland, Ohio 44114

Michael R. Blumenthal
Waxman Blumenthal, L.L.C.
28601 Chagrin Boulevard, Suite 500
Cleveland, Ohio 44122

PATRICIA ANN BLACKMON, J.:

{¶1} In this consolidated appeal, appellants Village Builders Ltd., et al. ("Village Builders") appeal the trial court's decision that denied their motion for relief from cognovit judgments entered in favor of appellee Park View Federal Savings Bank ("Park View Federal"). Village Builders assigns the following errors for our review:

> **I. The trial court erred by awarding the appellee's cognovit judgments when the cognovit warrants did not strictly adhere to the mandates of R.C. 2323.13.**

> **II. The trial court erred by denying appellants' motions to vacate the cognovit judgments, because the judgments were void ab initio due to the court's lack of subject matter jurisdiction. No Civ.R. 60(B) analysis needs to be performed.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} On May 10, 1999, Village Builders executed and delivered to Park View Federal a promissory note in the principal amount of $558,750. Over the years, the note was modified and extended in writing by agreement of the parties. The most recent modification was executed on January 20, 2010, and extended the maturity to January 10, 2011.

{¶4} Also, on May 10, 1999, Village Builders executed and delivered to Park View Federal a second promissory note in the principal amount $750,000. On February 23, 2006, Village Builders executed and delivered to Park View Federal a third promissory note in the amount of $150,000. Over the years, the second and third notes were combined, modified, and extended in writing by the parties. The most recent extension of the combined second

and third promissory notes was executed on December 9, 2009, and extended the maturity date to November 10, 2010.

{¶5} On May 24, 2004, Village Builders executed and delivered to Park View Federal a fourth promissory note in the principal amount of $475,000. Over the years, this note was also modified and extended in writing by the parties. The most recent extension was executed on August 25, 2008, and extended the maturity date to May 24, 2010.

{¶6} On December 14, 2011, Park View Federal filed three separate complaints for cognovit judgments on the four promissory notes and the related modification agreements. In the complaints, Park View Federal alleged, among other things, that Village Builders was in default under the terms of the notes and modifications, because of the failure to make payment as required. Specifically, Park View Federal alleged that the notes contained warrants authorizing confession of judgments. Attached to each complaint was exhibit "A," a copy of the cognovit notes. The following appeared directly above the signatures of Village Builders' corporate representatives, who executed same in their corporate and individual capacities:

> **Warning — By signing this paper you give up your right to notice and court trial. If you do not pay on time a court judgment may be taken against you without your prior knowledge and the powers of a court can be used to collect from you regardless of any claims you may have against the creditor whether for returned goods, faulty goods, failure on his part to comply with the agreement, or any other cause.**

{¶7} On the same date, the trial court entered judgment for Park View Federal by confession. On December 22, 2011, Village Builders filed motions to vacate the cognovit judgments. On May 22, 2012, after the matter was fully briefed, the trial court denied Village Builders' motions to vacate the cognovit judgments. Village Builders now appeals.

## Motion to Vacate Cognovit Judgments

{¶8} During oral argument, counsel for Village Builders stated that his sole argument before the trial court and this court is that the cognovit judgment should be vacated because the trial court lacked subject matter jurisdiction; consequently, the judgment is void ab initio under R.C. 2323.13. Village Builders argues that the cognovit judgment violates R.C. 2323.13(D), which invalidates the warrant, when the statutory language is not in a type size or distinctive marking that makes it appear more clearly and conspicuously than anything else on the document.

{¶9} We note, however, that although Village Builders' counsel argued R.C. 2323.13(D), his motion to vacate raised R.C. 2323.13(A), the Ohio Supreme Court's ruling in *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941 (1998), and/ or Civ.R. 60(B). Consequently, we will review subject matter jurisdiction and then Civ.R. 60(B).

{¶10} A trial court's jurisdiction over cognovit notes is governed by R.C. 2323.12 and 2323.13, and these statutory requirements must be met in order for a valid judgment to be granted upon a cognovit note, or for a court to have subject-matter jurisdiction over it. *Buehler v. Mallo*, 10th Dist. No. 10AP-84, 2010-Ohio-6349, citing *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508, 913 N.E.2d 993 (10th Dist.). Our review of the issue of subject-matter jurisdiction is de novo. *Id.*, citing *Cheap Escape Co., Inc. v. Tri-State Constr., L.L.C.*, 173 Ohio App.3d 683, 2007-Ohio-6185, 880 N.E.2d 122 (10th Dist.).

{¶11} In general, in order to prevail on a motion brought under Civ.R. 60(B), a movant must demonstrate that: (1) the party has a meritorious defense or claim to present if

relief is granted; (2) the party is entitled to relief under one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. In cases involving a motion for relief from judgment taken on a cognovit note, a movant "need only establish (1) a meritorious defense, and (2) that the motion was timely made." *Medina Supply Co. v. Corrado*, 116 Ohio App.3d 847, 851, 689 N.E.2d 600 (8th Dist.1996).

{¶12} A trial court's decision denying a motion for relief from judgment is reviewed under an abuse of discretion standard. *Id*. at 850. An abuse of discretion connotes more than an error of law or judgment; it entails a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶13} Village Builders specifically argues that the material language of each document contains typeface that is larger and/or in a more distinctive typeface than the warning itself. In addition, Village Builders argues that there is also language that is bolded and/or underlined, whereas the warnings are not.

{¶14} For example, Village Builders claims the warning in Note 1 is not of larger type face, not bolded, and not underlined, whereas the promissory note is larger, capitalized, and bolded. Additionally, the letters above the warning are bolded. Village Builders complains of the same issues in Notes 2 through 4.

{¶15} In *Medina*, 116 Ohio App.3d 847, 851, 689 N.E.2d 600, we rejected the appellant's argument that the warning language of a cognovit note did not appear more clearly and conspicuously than "the title of the note, 'NOTE' [which] is in capitals and also

underlined, whereas the warning is merely in capitals with no underlining." We found the argument "specious," and held that "a four-letter title is an inadequate basis for comparison to a paragraph," and noted that "the warning is the only paragraph set off entirely in capital letters." *Id*. We thus found that "in type, location, and proportion, the warning satisfies the law." *Id*.

{¶16} To comport with R.C. 2323.13(D), the statutorily-required warning must appear "in such type size or distinctive marking" that it is "more clear and conspicuous than anything else on the document." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752. In creating a warning that appears more clearly and conspicuously than anything else, a drafter of a cognovit note may employ multiple methods-capitalization, italicization, underlining, bolding, framing the warning with a border, or a distinctive type style. *See Richfield Purchasing, Inc. v. Highpoint Truck Terminals*, *Inc.*, 8th Dist. No. 86056, 2005-Ohio-6348 (warning entirely capitalized and the only paragraph not indented); *Medina*, 116 Ohio App.3d 847, 851, 689 N.E.2d 600 (warning was the only paragraph set off entirely in capital letters); *Couris v. Graham*, 5th Dist. No. CA-6226, 1983 Ohio App. LEXIS 13479 (Dec. 19, 1983) (warning separated from other language by a wide margin and framed with a black line); *BancOhio Natl. Bank v. Ponn Entr.*, 4th Dist. No. 354, 1981 Ohio App. LEXIS 13332 (Sept. 11, 1981) (warning italicized and surrounded by a bold, black border). Notably, a drafter need not go so far as to use "flashing neon light." *Medina* at 852.

{¶17} In the instant case, the notes signed by Village Builders' authorized representatives contained, word for word, the statutorily mandated warning contained in R.C. 2323.13(D). Our review of the cognovit notes reveals that the warning is prominently

displayed immediately above the signatures. The document itself is a single double-sided sheet. Most importantly, the warning is the only paragraph set off entirely in capital letters. Finally, contrary to Village Builders' claim, the warning is in bold print. Thus, in type, location, and proportion, the warning satisfies the law. As such, we find that the cognovit notes complied with R.C. 2323.13.

{¶18} Nonetheless, Village Builders argues that the loan modification to the fourth cognovit note, which extended the maturity from May 24, 2008 to May 24, 2010, contains no cognovit warnings and should be invalidated. In support of its argument for invalidation, Village Builders cites *Bank One of E. Ohio, N.A. v. Liberty Bell, Inc.,* 11th Dist. No. 3685, 1987 Ohio App. LEXIS 7547 (June 19, 1987).

{¶19} In *Bank One of E. Ohio, N.A.,* the trial court entered cognovit judgment for the creditor and Liberty Bell appealed. On appeal, the Eleventh District affirmed but held that Bank One of E. Ohio*,* N.A. was entitled only to eight percent interest upon default as provided for in the original cognovit note. The Eleventh District held that the required warning of R.C. 2323.13 appeared on the original promissory note but did not appear on the supplemental amortization agreements. The court held that because only the first note fulfilled the requirements of R.C. 2323.13(D), the term of eight percent interest upon default contained in that note applied.

{¶20} In the instant case, if we are to follow the reasoning of the Eleventh District, it would be of no significance because the modification pertained only to the maturity date and not to the interest rate as was the case in *Bank One of E. Ohio, N.A.* Unfortunately, the

extended maturity date for the fourth cognovit note has long passed. Thus, there is no judgment for our court to modify.

{¶21} Here, because the cognovit notes complied with R.C. 2323.13, the trial court had jurisdiction to enter judgment on said notes. Further, Village Builders has failed to establish a meritorious defense. Consequently, we find no abuse of discretion in the trial court's decision denying its motions to vacate the cognovit judgments. Accordingly, we overrule both assigned errors.

{¶22} Judgment affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR